IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,719-01






EX PARTE RONALD REUBEN SENTERFITT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR16-516 IN THE 35
TH JUDICIAL DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.


ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation with attempt to commit kidnapping; burglary of a habitation with the commission of
unlawful restraint; and burglary of a habitation with the commission of violation of a protective order
by committing an assault, and he was sentenced to twenty (20) years' imprisonment.

 Applicant contends, inter alia, that his convictions were obtained in violation of double
jeopardy because he was convicted of three counts of burglary of a habitation arising from a single
unlawful entry.

 The trial court has entered an order concluding "that there are no other controverted,
previously unresolved issues of fact material to the legality of applicant's conviction and sentence." 
However, these findings are not supported by the record. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Cavazos, No. AP-75,269, 2006 Tex. Crim. App. LEXIS 1969
(Tex. Crim. App. October 4, 2006). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case the trial court may rely on its personal
recollection and court records.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant was convicted of three
counts of burglary arising from a single unlawful entry. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus. The trial court shall supplement the habeas record with copies
of all documents upon which its findings are based, including excerpts of the trial transcript and any
other relevant documents.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 25, 2006

Do not publish