IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,659






EX PARTE RONALD REUBEN SENTERFITT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-16,516-A IN THE 35TH DISTRICT COURT


FROM BROWN COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
burglary of a habitation and received three concurrent sentences of twenty (20) years' imprisonment. 

 Applicant contends that his convictions were obtained in violation of double jeopardy. We
remanded this application to the trial court for findings of fact and conclusions of law.

 The trial court has determined that the convictions do not violate double jeopardy because
the multiple underlying offenses rendered the burglary offense separate and distinct acts, each of
which violated distinct statutory provisions. However, we disagree. Applicant received three
burglary convictions for a single unlawful entry. While the underlying offenses may have constituted
separate and distinct acts, each of which violated distinct statutory provisions, Applicant was not
convicted of the underlying offenses. Rather, he was convicted of three burglaries. See Ex parte
Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

 When a defendant is convicted of multiple offenses that are the "same" for double jeopardy
purposes, the conviction for the most serious offense should be retained and the other offense(s)
should be set aside. Here, the degree of the offense and the punishment assessed are the same. We
deny applicant's claim relating to his conviction for burglary of a habitation by attempting to commit
felony kidnapping and grant his claim for relief from the jeopardy-barred convictions for burglary
by committing unlawful restraint and burglary by committing felony violation of a protective order.


Delivered: April 18, 2007

Do Not Publish