

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00423-CR

**DENNY JOSEPH BRADLEY,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 35,756

## MEMORANDUM OPINION

Denny Joseph Bradley appeals from his conviction for the offense of burglary of a habitation with the intent to commit aggravated assault or by attempting to commit or committing aggravated assault. TEX. PEN. CODE ANN. § 30.02 (a)(1) & (3) (Vernon 2003). Punishment was assessed at thirty-five years' imprisonment as determined by the jury. Bradley complains that the trial court's instruction regarding self-defense was erroneous and that he was egregiously harmed by the erroneous instruction. Because we find that Bradley was not egregiously harmed, we affirm the judgment of the trial court.

*Jury Charge Error*

The charge as submitted to the jury included an instruction on self-defense that included language that was deleted from the statute in 2007 regarding a duty to retreat and added language regarding when there is no duty to retreat. *See* TEX. PEN. CODE ANN. § 9.31(a) & (e), *effective* Sept. 1, 2007 (Vernon Supp. 2010). The State concedes that the instruction as given was erroneous, but contends that the error was harmless.

In considering issues of jury charge error, we first determine whether error exists. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If there is error, but the defendant did not object, reversal is not required unless the error was fundamental, that is, so egregious that the defendant was denied a fair and impartial trial. *Id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

It is undisputed that the charge as given was erroneous as it instructed the jury using language regarding self-defense that is no longer correct. Bradley did not object to the charge, therefore, we must determine if the error constituted egregious harm to Bradley. In conducting a harm analysis, we consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Almanza*, 686 S.W.2d at 171, 173-74.

Bradley contends that the charge as given should have included the language in section 9.31(e), which states:

> A person who has a right to be present at the location where the force is
> used, who has not provoked the person against whom the force is used,

and who is not engaged in criminal activity at the time the force is used is not required to retreat before using force as described by this section.

TEX. PEN. CODE ANN. § 9.31(e) (Vernon Supp. 2010).

Bradley was charged with burglary of a habitation with the intent to commit the offense of aggravated assault and/or entering a habitation and attempted to commit or committed the offense of aggravated assault. TEX. PEN. CODE ANN. § 30.02(a)(1) & (3) (Vernon 2003). The gravamen of a burglary offense is the unauthorized entry of the habitation with the requisite mental state. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

*Analysis*

Bradley's contention is that he was harmed because the erroneous instruction rendered the instruction and his argument regarding the aggravated assault being committed in self-defense meaningless. We disagree. Had the jury found Bradley not guilty of the offense of burglary of a habitation but guilty of the offense of aggravated assault, certainly this might be different. However, in order to find an individual guilty of burglary under any theory, the jury was required to find that the defendant entered the building or habitation without the effective consent of the owner. TEX. PEN. CODE ANN. § 30.02(a) (Vernon 2003). Bradley's contention was that he had entered the residence with the consent of the owner and therefore, he had a right to be present in the habitation where the force was used. Because the jury was required to determine as a preliminary matter whether Bradley entered the residence without the effective consent of the owner in order to find him guilty of the burglary offense, once they made

that determination it became irrelevant as to whether Bradley had a duty to retreat or not because he did not have a right to be present.

The charge was otherwise unexceptional and included the lesser-included offense of aggravated assault in the event that the jury found Bradley not guilty of the burglary charge. Bradley does not contest the sufficiency of the evidence and the evidence was sufficient to sustain his conviction for the burglary pursuant to the proper standard. The State contended during its jury argument regarding the self-defense instruction that it did not apply to the burglary offense but to the lesser-included offense of aggravated assault, which under these facts, is not improper. We do not find that Bradley was egregiously harmed by the erroneous instruction regarding self-defense. We overrule Bradley's sole issue.

*Conclusion*

Although the trial court erred by including an incorrect statement of the law regarding self-defense in the jury charge, we do not find that Bradley was egregiously harmed by the improper instruction. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed December 1, 2010
Do not publish
[CRPM]