**Ex Parte Manuel CAVAZOS, Applicant.**

**No. AP–75269.**

Court of Criminal Appeals of Texas.

Oct. 4, 2006.

---

3. 117 S.W.3d 804, 817 (Tex.Crim.App.2003).

4. *Ante*, op. at 325 n. 28.

5. 117 S.W.3d at 817.

6. *Ante*, op. at 331.

Rolando Garza, McAllen, for appellant.

Cheryl D. Hole, Asst. D.A., Edinburg, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

An indictment returned in 1992 charged applicant with two counts of burglary of a habitation. Tex. Penal Code § 30.02. Both counts arose from the same incident, but involved different complainants.[1] The first count charged applicant with burglary of a habitation with intent to commit theft, while the second count charged applicant with burglary of a habitation with intent to commit sexual assault. Applicant plead not guilty.

The state presented evidence at the guilt phase of the trial that applicant entered the complainants' home by removing a screen and climbing through an open window. Once inside, applicant stole money from one complainant and, in another room in the home, grabbed the leg of the other complainant while she slept, and then fled the scene.[2] A jury convicted applicant on both counts of burglary of a habitation. A habitual offender, applicant was sentenced to two concurrent terms of twenty-five years' imprisonment in the Texas Department of Criminal Justice–Correctional Institutions Division. Tex. Penal Code § 12.42. No appeal was taken.

This Court filed and set applicant's application for habeas corpus. The issue before us is whether convicting applicant of two counts of burglary of a habitation, each with a different complainant but arising from a single unlawful entry, violates the Double Jeopardy Clause of the United States Constitution.[3] Applicant argues that the gravamen of the burglary offense is the unlawful entry of a habitation and that once such entry is made, the burglary offense is complete. Applicant concludes that his conviction on two counts of burglary of a habitation arising out of the same entry constitutes multiple punishments for the same offense,[4] and that such punishment is contrary to the legislative intent of

---

1. The first count of the indictment states, "... that Manuel Cavazos hereinafter styled Defendant, on or about the 27th day of September A.D., 1992 ... did then and there intentionally and knowingly enter a habitation, without the effective consent of Maria Minerva Regalado, the owner thereof, with intent to commit theft; ..."

 The second count of the indictment states, "... that Manuel Cavazos hereinafter styled Defendant, on or about the 27th day of September A.D., 1992 ... did then and there intentionally and knowingly enter a habitation, without the effective consent of Norma Regalado, the owner thereof, with intent to commit sexual assault;...."

2. The order in which the theft and assault took place is not ascertainable from the record.

3. Applicant alleges that the state tried him twice for the same offense of burglary of a habitation in count one and in count two of the indictment, and that this constitutes a violation of the Double Jeopardy Clause

4. Applicant submitted four additional complaints; the state charged the applicant with a fatally defective indictment; the state used the same prior convictions to enhance the punishment range of both count one and count two of the indictment to the habitual-offender range; his court-appointed counsel was ineffective, causing applicant's constitutional rights to be violated because he failed to object to the errors applicant now complains of and failed to file a notice of appeal as requested by applicant in open court; and the state convicted and sentenced the applicant with insufficient evidence to support either count of the burglary of a habitation.

the burglary statute and a violation of the United States Constitution.

The Fifth Amendment provides that no person "shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. The United States Supreme Court has concluded that the Fifth Amendment offers three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds* by *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Lopez v. State*, 108 S.W.3d 293, 295–96 (Tex.Crim.App.2003). The instant case, as applicant correctly claims, implicates the third of these guarantees, protection against multiple punishments for the same offense.

 This Court has pointed out that "[a] defendant suffers multiple punishments in violation of the Double Jeopardy Clause when he is convicted of more offenses than the legislature intended." *Ervin v. State*, 991 S.W.2d 804, 807 (Tex.Crim.App.1999)(citing *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). However, the Double Jeopardy Clause imposes few, if any, limitations on the legislative power to establish and define offenses. *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex.Crim.App.1999)(citing *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)). The legislature, therefore, determines whether offenses are the same for double-jeopardy purposes by defining the "allowable unit of prosecution." *Id.* (citing *Sanabria v.*

*United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)). The legislature also decides whether a particular course of conduct involves one or more distinct offenses under a given statute. *Id.* Consequently, the scope of the Double Jeopardy Clause's protection against multiple punishments under the burglary statute depends on ascertaining the allowable unit of prosecution.

 Citing *Ex parte Gonzalez,*[5] the state distinguishes between "conduct-oriented" and "possession-oriented" statutes in determining the allowable unit of prosecution in a burglary of a habitation. The state concludes, without citation to any specific authority, that burglary of a habitation is a conduct-oriented statute, thereby making the complainant, rather than the unlawful entry, the allowable unit of prosecution. The state argues that double jeopardy is not implicated because the offenses for which applicant was convicted occurred in separately occupied parts of the same house and involved two different complainants. The state's reliance on this position is misplaced.

 The plain meaning of the version of TEX. PENAL CODE § 30.02(a) that was in effect at the time applicant committed the offenses indicates that a person commits the offense of burglary of a habitation if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

**5.** 147 S.W.3d 474 (Tex.App.-San Antonio 2004).

(3) enters a building or habitation and commits or attempts to commit a felony or theft.[6]

Chapter 30 of the Penal Code is titled "Burglary and Criminal Trespass." Chapter 30 is part of Title 7 of the Penal Code, "Offenses Against Property." As applicant suggests, the gravamen of a burglary is the entry without the effective consent of the owner and with the requisite mental state. *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex.Crim.App.1988). This Court has found that, when a burglary is committed, the harm results from the entry itself. *Richardson v. State*, 888 S.W.2d 822, 824 (Tex.Crim.App.1994). The offense is complete once the unlawful entry is made, without regard to whether the intended theft or felony is also completed. *Id.*

The allowable unit of prosecution for an assaultive offense is each complainant. *See Phillips v. State*, 787 S.W.2d 391, 394–95 (Tex.Crim.App.1990)(assault); *Ex parte Rathmell*, 717 S.W.2d 33, 36 (Tex.Crim.App.1986)(voluntary manslaughter). Burglary, however, is not an assaultive offense; rather, its placement within Title 7 indicates that the legislature determined burglary to be a crime against property. Thus, the complainant is not the appropriate allowable unit of prosecution in a burglary, rather, the allowable unit of prosecution in a burglary is the unlawful entry. Applicant's convictions violate double jeopardy because he was punished multiple times for a single unlawful entry.

■ When a defendant is convicted of two offenses that are the "same" for double-jeopardy purposes, our case law tells us that the conviction for the "most serious" offense is retained and the other conviction is set aside. *Landers v. State*, 957 S.W.2d 558, 559–60 (Tex.Crim.App.1997). *Landers* states that the "most serious" offense is determined by the degree of the felony, range of punishment and sentence imposed, with rules of parole eligibility and good-conduct time as a tie-breaker. *Id.* These criteria were taken from an older case involving such a choice in a case of misjoinder (Penal Code § 3.01 before September 1, 1987). *Ex parte Peña*, 820 S.W.2d 806 (Tex.Crim.App.1991). Misjoinder is no longer an issue because of legislative action.

At issue in *Landers*, however, was not misjoinder, but the choice between convictions when one charged offense is a lesser—included offense of the other charged offense. The facts of *Landers* further complicated the issue, as the appellant had been charged with a second-degree felony, theft of a vehicle, and a lesser-included third-degree felony, unauthorized use of a vehicle (UUMV), but was convicted of Class A misdemeanor theft and UUMV.

There is significant overlap in the *Landers* criteria; in general, if the degree of

---

6. Tex. Penal Code § 30.01 Definitions
 In this chapter:
 (1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:
 (A) each separately secured or occupied portion of the structure or vehicle; and
 (B) each structure appurtenant to or connected with the structure or vehicle.
 ❊ ❊ ❊ ❊
 Tex. Penal Code § 1.07 Definitions
 (a) In this code:
 ❊ ❊ ❊ ❊
 (24) "Owner" means a person who:
 (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; ...
 Tex. Penal Code § 30.02 Burglary
 ❊ ❊ ❊ ❊
 (b) For purposes of this section, "enter" means to intrude:
 (1) any part of the body; or
 (2) any physical object connected with the body.

felony is the same, the range of punishment will be the same. Too, rules of parole eligibility and good-conduct time are outside the purview of this court and tend to be fluid. Are we to consider the rules as they were promulgated at the time of the offense, the time of sentencing, or the time of our review? In addition, the grant (and loss) of good-conduct time is discretionary and is more related to the conduct of the inmate while incarcerated than the seriousness of the offense of conviction.

Determining which offense is "most serious" may be difficult and may not always be objective. Both murder and burglary of a habitation with intent to commit a felony other than a theft are first-degree felonies and have the same range of punishment, yet many, if not all, citizens would say that murder is a more serious offense than burglary. The range of punishment may be enhanced with proof of prior convictions, and such enhancements can be applied to all non-state-jail felonies. If the indictment alleges aggravated robbery and felony driving while intoxicated with an allegation that a deadly weapon was used, and both are subject to an enhanced punishment of 25 to 99 years or life, which is the "most serious"? Is the "most serious" offense to be judged by the offenses alleged or by the offenses of conviction? Who determines the seriousness of the offense? Judges may look at the indictment and conclude that the charged second-degree felony is more serious than the charged third-degree felony, then be faced with a jury punishment verdict of 2 years' incarceration on the second-degree felony and 10 years' on the third-degree felony. Such a verdict would seem to indicate that the jury found the third-degree felony to be the "most serious."

▇ Our case law grants great discretion to the finder of fact. *See e.g., Swain v. State,* 181 S.W.3d 359, 365 (Tex.Crim.App.2005)(suppression motion); *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex.Crim.App.2003)(application for writ of habeas corpus); *Morales v. State,* 32 S.W.3d 862, 865-66 (Tex.Crim.App.2000)(decision to admit of exclude scientific evidence). We now extend that discretion to the determination of the "most serious" offense and hold that the "most serious" offense is the offense of conviction for which the greatest sentence was assessed. To the extent that *Landers* holds that other factors, such as the degree of the felony, range of punishment, and rules governing parole eligibility and awarding of good-conduct time, shall be used in that determination, it is overruled.

▇ The remaining question is the determination of the "most serious" offense when, as here, the degree of the offense of conviction and the term of years assessed by the fact finder are the same. At the time of the offenses in this case, both offenses of conviction were first-degree felonies. The jury assessed the same term of years for each conviction and assessed no fines, but restitution of $122.00 was ordered in the judgment for the burglary with intent to commit theft. We have held that restitution is punishment: "As punishment, restitution attempts to redress the wrongs for which a defendant has been charged and convicted in court." *Cabla v. State,* 6 S.W.3d 543, 546 (Tex.Crim.App.1999)(citing *Martin v. State,* 874 S.W.2d 674, 678 (Tex.Crim.App. 1994)).[7] In these circumstances, the punishment assessed makes the burglary with

---

7. In contrast, we have held that sex-offender registration is remedial, not punitive. *Mitschke v. State,* 129 S.W.3d 130 (Tex.Crim. App.2004); *Rodriguez v. State,* 93 S.W.3d 60 (Tex.Crim.App.2002).

intent to commit theft the "most serious" offense.[8]

Having found that two burglary convictions based on the same unlawful entry violates the Double Jeopardy Clause of the United States Constitution and that, in this case, the burglary with intent to commit theft is the "most serious" offense, we deny applicant's claim relating to his conviction for burglary with intent to commit theft and grant his claim for relief from the jeopardy-barred conviction for burglary with intent to commit sexual assault.

KELLER, P.J., filed a concurring opinion.

MEYERS, J., dissents.

KELLER, P.J., filed a concurring opinion.

The Court misstates the holding in *Landers*.[1] The Court says that *Landers* requires retaining "the most serious offense" while setting aside the other conviction.[2] The Court also says that *Landers* requires that the most serious offense be determined "by the degree of the felony, range of punishment and sentence imposed, with rules of parole eligibility and good-conduct time as a tie-breaker."[3] The Court then states that these criteria were taken from *Ex parte Peña,* a case involving misjoinder.[4]

In making all of these statements, the Court cites pages 559–560 of the *Landers*

opinion.[5] But the discussion on those pages was about the holding in *Peña.* It was simply background, discussing what factors this Court had relied upon to formulate a rule for misjoinder. We did not apply the misjoinder rule to the double jeopardy context.

To the contrary, after discussing *Peña,* we set forth a *different* rule: "the 'most serious punishment' test."[6] According to *Landers,* "That test requires retaining the offense with the most serious *punishment* and vacating any remaining offenses that are the 'same' for double jeopardy purposes. The 'most serious punishment' is the *longest sentence imposed,* with rules of parole eligibility and good time serving as a tie-breaker."[7] In fact, *Landers* explicitly distinguished *Peña,* explaining why the factors used in *Peña* supported a different rule for double jeopardy violations than for misjoinder:

> The third reason applies somewhat differently to the double jeopardy context than the misjoinder context and explains the difference in the judicially-made rules. In the misjoinder context, we fashioned a rule designed to best ascertain what offense the State would have elected to proceed on at trial. We did so because, in the misjoinder context, the State is not permitted to prosecute both offenses at the same time. Hence, our evaluation, in the misjoinder context,

8. Some of our case law suggests that, all other factors being equal, the conviction that should be affirmed is the offense named in the first verdict form. *See, e.g., Ex parte Cravens,* 805 S.W.2d 790 (Tex.Crim.App.1991); *McIntire v. State,* 698 S.W.2d 652 (Tex.Crim.App.1985); *Ex parte Siller,* 686 S.W.2d 617 (Tex.Crim.App.1985). Generally, this will be the offense described in Count I of the indictment. We do not address that question today.

1. *Landers v. State,* 957 S.W.2d 558 (Tex.Crim.App.1997).

2. Court's op. at 337.

3. *Id.* at 337–38.

4. *Id.* at 339 (citing *Peña,* 820 S.W.2d 806 (Tex.Crim.App.1991)).

5. *Id.* at 337–38.

6. *Landers,* 957 S.W.2d at 560.

7. *Id.*

is a prospective evaluation of the seriousness of the offense, with the sentence coming into play only when the range of punishment and the degree of offense are the same. In the type of double jeopardy context before us, however, the State is permitted to prosecute both offenses and submit both offenses to the jury for consideration. Because pursuing both offenses is proper in this context, the State should have the benefit of the most serious punishment obtained.[8]

And in the case before it, the *Landers* Court made no attempt whatsoever to determine which *offense* was the most serious, but instead, addressed which imposed the most serious *punishment:* "Application of the most serious punishment test shows that the Court of Appeals correctly decided which conviction to dismiss. The UUMV conviction carries a 62 year sentence while the theft conviction carried a sentence of only 9 months."[9] That two-sentence passage was the entirety of the analysis in which the *Landers* Court applied its newly-articulated standard to the facts of the case before it.

The Court makes a good point when it criticizes the *Peña* test as difficult to apply, because apart from the ultimate punishment assessed, it may often be difficult to determine which offense is the "most serious."[10] But that criticism does not apply to *Landers,* which explicitly focused the double jeopardy rule on the punishment assessed and further explained that the most serious punishment was the longest sentence. The *Landers* Court recognized that sometimes the sentences may be identical, in which case other factors,

such as parole eligibility and good time, would have to be considered.

Although purporting to disavow *Landers,* the Court's standard is identical to the one formulated in *Landers* except in one respect: the court categorically rejects ever using parole and good time consequences as a tie-breaker. But surely the Court cannot really mean that. What will the Court do (or recommend that trial courts and lower appellate courts do) if the sentences are identical, the fine and restitution imposed are identical, and the *only* distinction involves parole consequences, e.g. when one of the offenses is covered by Article 42.12, § 3g while the other is not? Do we look instead to the order in which the jury's verdict forms are submitted, the order in which the offenses appear in the penal code, or the cause numbers? Perhaps parole and good time consequences should not be the *first* tie-breaker, but it should be an available tie-breaker when the punishment is otherwise identical.

At any rate, the Court does not suggest that the use of parole and good time consequences as a tie-breaker is an issue in the present case, and the Court's analysis of the facts seems to conform exactly to the *Landers* holding: The Court first looked to the length of the sentences, and after discovering they were identical, looked to a collateral factor, restitution, to serve as a tie-breaker. So, I agree with the Court's method of resolving the present case and with the result. But, instead of engaging in an extended discussion of the *Peña* approach, and unnecessarily reaching out to comment on the tie-breaking status of good time and parole, all the Court had to

---

8. *Id.* at 560–561

9. *Id.* at 561.

10. Of course, the *Peña* court's assessment was that the most serious offense had to be judged prospectively in the *misjoinder* context because the State was not allowed to pursue both offenses at trial. The correctness of that holding is not at issue here.

do was cite *Landers* for the desired rule and then apply it.

I respectfully concur in the Court's judgment.