# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00331-CR

**Fermine Louis Castillo, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 05-677-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Fermine Louis Castillo guilty of felony murder, for which it assessed a punishment of thirty years' imprisonment, and intoxication manslaughter, for which it assessed a punishment of twenty years' imprisonment. *See* Tex. Penal Code Ann. § 19.02(b)(3) (West 2003), § 49.08 (West Supp. 2007). Appellant contends that the two convictions constitute double jeopardy, and the State concedes error. Accordingly, we will reverse the intoxication manslaughter conviction. In his other issues, appellant contends that the felony murder count should have been quashed, and that the evidence is legally and factually insufficient to support his conviction for that offense. We will overrule these contentions and affirm the murder conviction.

A few minutes after 5:00 a.m. on April 21, 2005, appellant was driving his Jeep Cherokee south—the wrong way—in the northbound lanes of Interstate 35 when he collided head-on with a Chevrolet van driven by Isaac Dyck. Appellant was alone in his Jeep, but Dyck's wife and

seven of their children were also in the van. One of the children, also named Isaac, was killed. Appellant was intoxicated.

Count one of the indictment alleged that at the time and place of the incident, appellant was operating a motor vehicle while intoxicated, that appellant had two previous convictions for driving while intoxicated, and that, "in the course of and in furtherance of the commission" of this felony offense, appellant "committed an act clearly dangerous to human life, namely, operated a motor vehicle southbound in a northbound lane on Interstate 35 and collided with another vehicle," causing the death of Isaac Dyck. *See id*. § 19.02(b)(3) (West 2003) (felony murder), § 49.04(a) (West 2003) (driving while intoxicated), § 49.09(b)(2) (West Supp. 2007) (enhanced driving while intoxicated offense). Appellant moved to quash this count, arguing that a person cannot be guilty of a homicide unless he causes the death of another intentionally, knowingly, recklessly, or with criminal negligence, and that driving while intoxicated cannot serve as the underlying felony in a felony murder prosecution because it does not require a culpable mental state. He brings forward this argument in his second issue on appeal.

While this appeal was pending, the court of criminal appeals announced its opinion in *Lomax v. State*, 233 S.W.3d 302 (Tex. Crim. App. 2007). Like appellant, Lomax was driving while intoxicated when he had a fatal collision, and he was convicted of felony murder. *Id*. at 303. The court of criminal appeals granted review to determine whether a felony murder conviction can be based on driving while intoxicated or any other felony that does not require a culpable mental state. *Id*. The court concluded that it can, holding that section 19.02(b)(3) plainly dispenses with a culpable mental state. *Id*. at 304-05. In other words, the actor need not intend to cause the death

2

of the deceased or have any other culpable mental state with regard to "the act of murder," and therefore the underlying felony need not have a culpable mental state. *Id*. at 307.

*Lomax* is dispositive of this issue. The trial court did not err by overruling appellant's motion to quash count one. *See also Bignon v. State*, Nos. PD-1769-06 & PD-1770-06, 2008 Tex. Crim. App. LEXIS 1, at *9 (Tex. Crim. App. Jan. 16, 2008) (reaffirming *Lomax*). Issue two is overruled.

In his third and fourth issues, appellant contends that the evidence is legally and factually insufficient to sustain his felony murder conviction. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency standard of review); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (factual sufficiency standard of review). Appellant does not challenge the sufficiency of the evidence with regard to the underlying felony of driving while intoxicated. Moreover, he does not contend that the State failed to prove that he was driving the wrong way on the interstate and collided with the deceased's vehicle, causing the deceased's death. Nevertheless, appellant urges that the evidence is insufficient in two respects, both having to do with the alleged "act clearly dangerous to human life."

First, appellant contends that the State failed to prove that he was driving recklessly when he collided with the deceased's vehicle. That is, appellant contends that the State did not prove that the act clearly dangerous to human life, "operat[ing] a motor vehicle southbound in a northbound lane on Interstate 35 and collid[ing] with another vehicle," was committed recklessly.[1]

---

[1] As authority, appellant cites the State's response to his motion to quash, in which the statement was made that "[b]y requiring proof of an act clearly dangerous to life, the statute implicitly adopts a recklessness requirement."

3

In *Lomax*, however, the court of criminal appeals noted that it had previously decided that a culpable mental state is not required for the "act clearly dangerous to human life." 233 S.W.3d at 307 n.16 (citing *Lugo-Lugo v. State*, 650 S.W.2d 72, 81 (Tex. Crim. App. 1983) (interpreting what is now section 19.02(b)(2)).

Appellant's second argument is that the State failed to prove that the act clearly dangerous to human life was committed "in the course of and in furtherance of the commission" of the underlying felony. Appellant does not deny that he drove the wrong way and collided with the deceased's vehicle while in the *course* of driving while intoxicated, but he urges that this conduct did not *further* the commission of that offense. To the contrary, appellant argues that the collision actually halted the commission of the underlying felony. The same argument was raised and rejected in *Bignon*. *See* 2008 Tex. Crim. App. LEXIS 1, at *9-12. There, the court of criminal appeals held that a rational trier of fact could find that "driv[ing] a heavily loaded Jeep towing a loaded trailer across the center stripe of a roadway into the oncoming lane of travel" was conduct in furtherance of the underlying felony driving while intoxicated offense. *Id*. at *11-12.

The State was not required to prove that the act clearly dangerous to human life was committed recklessly. Whether viewed in the light most favorable to the verdict or neutrally, the evidence reasonably supports the jury's finding that appellant committed the dangerous conduct in the course and in furtherance of his commission of felony driving while intoxicated. Issues three and four are overruled.

We sustain appellant's first issue, by which he urges that the convictions for felony murder and intoxication manslaughter constitute double jeopardy. Both convictions were based on

4

the same conduct resulting in the death of the same victim.  The State concedes that under the circumstances, the two convictions constitute unauthorized multiple punishments for the same offense.  *See Bignon*, 2008 Tex. Crim. App. LEXIS 1, at *27-29.  The remedy is to set aside the conviction for the less serious offense, which here is intoxication manslaughter.  *See Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006).

There are separate judgments of conviction for each count.  The judgment of conviction on count one, for murder, is affirmed.  The judgment of conviction on count two, for intoxication manslaughter, is reversed, and the prosecution for that offense is dismissed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed in part; Reversed and Dismissed in part

Filed:   June 26, 2008

Do Not Publish