

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,962

### EX PARTE MIGUEL RAMOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2005CR4857 IN THE 290TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with burglary of habitation with intent to commit a felony in count one of the indictment and burglary of habitation with intent to commit theft in count two of the indictment. The jury convicted him of both counts and the trial judge assessed punishment of sixty (60) years' confinement for each count and restitution in the amount of $7,585.00 for count two. The Fourth Court of Appeals affirmed his convictions. *Ramos v. State*, No AP-04-05-00543-CR, (Tex. App. — San Antonio, 2005, pet. ref'd)

(Not designated for publication).

Applicant contends that his conviction for two counts of burglary of habitation against two different complainants during one unlawful entry violates the Double Jeopardy Clause of the United States Constitution.

The trial judge thoroughly reviewed the record and concluded that Applicant's conviction for two counts of burglary of habitation against two different complaints violates the constitutional prohibition against double jeopardy because there was only one unlawful entry. *See Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006). The trial judge observed that when a double jeopardy violation has occurred, the most serious offense is retained, and the less serious offense is set aside. *Id*. at 337-339. The trial judge concluded that the most serious offense in this case was the burglary of habitation with intent to commit a felony alleged in count one of the indictment as this was a first degree felony whereas the burglary of habitation with intent to commit theft alleged in count two of the indictment was a second degree felony. The trial judge therefore recommended that count two of the indictment be set aside. We agree.

We grant Applicant partial relief. We find that Applicant is entitled to relief as to count two of the indictment only. The judgment and sentence imposed under count two of the indictment in Cause No. 2005CR4857 from the 290th Judicial District Court of Bexar County is set aside. The judgment, as reformed, shall reflect only one conviction for the offense of burglary of habitation as alleged in count one of the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: July 2, 2008
Do Not Publish