

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-112-CR

JOSEPH MARTINEZ                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two issues, appellant Joseph Martinez contends that his convictions

for possession and delivery of the same ten pounds of marijuana are the same

for double jeopardy purposes and that the trial judge erred by refusing to include

a jury question on possession of marijuana under five pounds.  We reverse the

---

[1] *See* Tex. R. App. P. 47.4.

judgment as to the possession charge and acquit appellant on that charge only; however, we affirm the judgment as to the delivery charge.

The State concedes appellant's first issue and asks that we delete appellant's conviction for possession. Accordingly, we sustain appellant's first issue.

In his second issue, appellant contends the trial court erred by failing to include a question on possession of under five pounds. But because by sustaining appellant's first issue, we must reverse the conviction for possession, his second issue is now moot and we need not address it.[2] *See* Tex. R. App. P. 47.1; *Dixon v. State*, 932 S.W.3d 567, 571 (Tex. App.—Tyler 1995, no pet.).

Having sustained appellant's first issue and having determined that his second issue is therefore moot, we affirm the trial court's judgment as to the conviction for delivery of marijuana, but we reverse the trial court's judgment

---

[2] When an appellant is convicted of two offenses that are the same for double jeopardy purposes, we retain the conviction for the most serious offense, which is the offense of conviction for which the greatest sentence was assessed. *Ex parte Cavazos*, 203 S.W.3d 333, 337–38 (Tex. Crim. App. 2006). Here, that is the sentence of ten years' confinement for delivery.

2

as to the conviction for possession of marijuana and render a judgment of acquittal as to that offense only.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 11, 2008