Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00129-CR

Jose Roman **CORTEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-1316-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 15, 2011

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

Jose Roman Cortez was convicted of one count of aggravated sexual assault and two counts of sexual assault involving a child victim.  Cortez appeals, complaining the evidence is insufficient to support the verdict and that charge error resulted in a non-unanimous verdict.  We affirm the judgment in part and reverse and render in part.

**BACKGROUND**

Cortez was married to the complainant's grandmother. M.M.[1] testified that Cortez engaged in sexual contact with her on three separate occasions when she was eight years old and visiting the Cortez residence. M.M., who was ten at the time of trial, testified that during the first incident, she was on a couch when Cortez touched her on her "butt" and then placed his hand under her pants and touched her on her "private." M.M. stated there was skin-to-skin contact. Using a diagram, M.M. explained that her "private" was her genital area, and she referred to the outer part of her body on either side of the vaginal opening as "cheeks." M.M. stated that Cortez did not touch her "cheeks" during the first incident but touched only the "outside" of her "private." The second incident occurred less than a week after the first, and took place again in the living room at the Cortez residence. M.M. told the jury Cortez threw a sock on the floor and when M.M. bent over to retrieve it, Cortez touched her on her "butt". Cortez next took his pants off and exposed his penis. Cortez then placed his hands under her pants and touched her "between the cheeks." M.M. stated she felt him touch her "on the inside." M.M. also told the jury that Cortez pulled down her pants and placed his mouth on her "private."

M.M. testified the third incident took place about two days later and began in the garage of the Cortez residence. M.M. fell or tripped and Cortez went to help her. While doing so, he touched her on her "butt" then unbuttoned her pants and touched the "cheeks" of her "private." Both went into the residence where Cortez placed his mouth or her "private" while she lay on the floor in a hallway. M.M. told the jury Cortez "licked" her "private" and used his tongue to go "inside" her.

---

[1] Given the nature of the offense, we will refer to the complainant by her initials.

During cross-examination, M.M. asserted that Cortez also put his "private" where she "peed." However, she later admitted that this never occurred, explaining that she got confused.[2] She also admitted that she told a caseworker only about the "sock incident" and told the caseworker Cortez had touched her over her clothes rather than under her pants. M.M. also acknowledged that she told the caseworker only about two incidents of sexual contact with Cortez.

Noella Hill, a sexual assault nurse examiner, testified she performed an examination of M.M. Part of the examination included taking a statement from M.M. concerning the abuse. Her report was admitted into evidence and the statement was read to the jury. In her statement to Hill, M.M. stated, among other things, that her mother's boyfriend had touched and kissed her "on her private," that he had "put his fingers in my private," and "put his tongue in my private." She then asserted Cortez "did the same thing. He touched me and kissed me on the private."

Cortez testified and denied improperly touching M.M.. Cortez also told police in a written statement that M.M. had been sitting on a couch and displaying her "private parts" by opening and closing her legs. Cortez stated he told her to stop and she responded by pointing to her genitals and saying he could touch her "there." Cortez asserted that he told M.M. "no" and then told his wife (M.M.'s grandmother) what had occurred. Cortez told police his wife told M.M.'s mother about the incident, but the mother took no action.

The jury returned guilty verdicts on three of the four counts in the indictment. The trial court imposed a thirty-five year sentence on each count and ordered them to run concurrently.

---

[2] M.M. was also being sexually abused during this time period by her mother's boyfriend. She explained that the boyfriend had used his penis to penetrate her "private."

## SUFFICIENCY OF THE EVIDENCE

### *Standard of Review*

After Cortez filed his brief raising both factual and legal sufficiency points, the Court of Criminal Appeals issued its opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). Although only four judges joined in the plurality opinion, a majority of the judges agreed it is no longer appropriate to conduct a separate review for factual sufficiency in criminal appeals. *Brooks*, 323 S.W.3d at 912; *id.* at 926 (J. Cochran concurring). Accordingly, we will review the evidence to determine whether it is legally sufficient under the *Jackson v. Virginia* standard. *Brooks*, 323 S.W.3d at 912. Under that standard, we review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

### *Discussion*

Count One of the indictment charged Cortez with aggravated sexual assault of a child under the age of fourteen by penetrating M.M.'s female sexual organ with "defendant's sexual organ and/or defendant's finger." Count Three charged Cortez with sexual assault of a child who he was prohibited from marrying by using his sexual organ and/or finger to penetrate the child's sexual organ. Cortez contends the evidence of penetration of M.M.'s sexual organ is too weak to

support the jury's guilty verdicts on both counts. Cortez argues that much of the child's testimony was internally contradictory and differed from the accounts she provided other witnesses. However, we defer to the jury's evaluation of the credibility of a witness, and view the evidence in the light most favorable to the jury's verdict. M.M. testified that during the second episode Cortez touched her "between the cheeks" and she felt him touch her "on the inside." This testimony and M.M.'s reference to a diagram is sufficient to support the jury's verdict as to the issue of penetration on one of the counts.

The State concedes there is insufficient evidence of penetration to support the jury's verdict on both counts. After reviewing the record, we agree. Because the evidence demonstrates only one instance of penetration, the convictions on both counts cannot stand. Accordingly, we retain the conviction for the more serious offense and set aside the other conviction. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The more serious offense is the one where the greater sentence was imposed. *Id*. at 337. When, as here, the same sentence has been imposed in both counts, we may look at other criteria to determine which offense is the most serious. *Bigon v. State*, 252 S.W.3d 360, 373 (Tex. Crim. App. 2008). We hold the aggravated sexual assault under Count One to be the more serious offense. Aggravated sexual assault is always a first-degree felony, whereas sexual assault is usually a second-degree felony except when, as in the present case, the victim was a person whom the defendant was prohibited from marrying. *See and compare* TEX. PENAL CODE § 22.021 (e) with TEX. PENAL CODE § 22.011 (f). We therefore retain the conviction for aggravated sexual assault under Count One and set aside the conviction for sexual assault under Count Three.

Count Four of the indictment charged that, on or about August 26, 2007, Cortez sexually assaulted M.M. by causing her sexual organ to contact his mouth. Cortez contends M.M.'s

testimony about the facts surrounding the incidents when Cortez allegedly used his mouth to contact M.M.'s sexual organ are too sparse to be worthy of belief. The issue of the witness's credibility is for the jury's determination, and we view the evidence in the light most favorable to the jury's verdict. *Prible*, 175 S.W.3d at 729-30; *Johnson*, 23 S.W.3d at 9. M.M. testified that Cortez placed his mouth on her "private" during the second and third incidents.[3] She described how Cortez used his tongue to penetrate her "cheeks" during the third incident. A reasonable jury could have relied on this testimony to find that Cortez caused M.M.'s sexual organ to contact his mouth, as required for conviction under Count Four. We hold the evidence is legally sufficient to support the jury's verdicts on Counts One and Four.

### CHARGE ERROR

Cortez next complains the trial court committed error in the jury charge because it permitted the jury to return a non-unanimous verdict. Cortez contends that the indictment, which alleged in Counts One and Three that he penetrated M.M.'s sexual organ by use of his "sexual organ and/or defendant's finger," actually alleged four separate charges. Cortez argues that because the verdict forms for these two counts recite that the jury found Cortez guilty "as charged in the indictment," some jurors may have found him guilty of penile penetration, while others relied upon evidence of digital penetration. Further, although the charge contained a general instruction on unanimity, the jury was not instructed it must agree on the manner of penetration. Cortez contends the failure to include such an instruction permitted a non-unanimous verdict, and the error in the charge caused him egregious harm. *See Almanza* v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984).

---

[3] Cortez was found not guilty on Count Two of the indictment, which charged him with aggravated sexual assault by causing M.M.'s sexual organ to contact his mouth on or about August 15, 2007.

A defendant is entitled to a unanimous verdict in felony cases. *Ngo v. State*, 175 S.W.3d 73, 745 (Tex. Crim. App. 2005). A non-unanimous verdict may result if the jury charge includes separate acts constituting separate offenses in a single application paragraph and does not also contain an instruction that the jury must agree on a single act for conviction. *Id*. at 744. The jury is presumed to have followed instructions provided in the charge. *Williams v. State*, 937 S.W.2d 470, 490 (Tex. Crim. App. 1996).

We conclude Cortez's attack on the jury charge must fail. Although the indictment alleged penetration of the complainant's sexual organ by his sexual organ and/or his finger, the trial court limited the jury's consideration of penetration to only the use of the defendant's finger in the jury charge application paragraphs. As the jury is presumed to have followed the instructions in the charge, its guilty verdicts on each count of sexual assault or aggravated sexual assault was based on digital penetration of M.M.'s sexual organ. There is nothing in the record to support Cortez's contention that the jury's verdict could have been based in any part on penile penetration. Because there was no charge error, Cortez did not suffer egregious harm.

### CONCLUSION

The evidence is legally sufficient to support the conviction on Count Four of the indictment and to support the conviction under either Count One or Count Three. However, as the State concedes, there was evidence only of a single instance of penetration of M.M.'s sexual organ. We hold the most serious offense is aggravated sexual assault and therefore set aside the conviction for sexual assault under Count Three. We further hold there was no jury charge error as the charge did not permit the jury to return a non-unanimous verdict.

The judgment of the trial court on Count One and Count Four is affirmed. The judgment of the trial court on Count Three is reversed and a judgment of acquittal is rendered on that count.

Steven C. Hilbig, Justice

DO NOT PUBLISH