

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## No. PD-1323-08

### CHRISTOPHER GARFIAS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

## C O N C U R R I N G   O P I N I O N

In *Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999), this Court held that there was a multiple-punishments violation because the offenses of intoxication manslaughter and manslaughter involved the same complainant and the same incident, and therefore obtaining convictions for both offenses violated the double-jeopardy clause. We then "laid out a non-exclusive list of factors to consider when examining if two offenses are the same in the context of multiple punishment." *Bigon v. State*, 252 S.W.3d at 371. These factors included: 1) whether offenses are in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether

the offenses have a common focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and 8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes. *Id*., *citing Ervin*, 991 S.W.2d at 814. We further explained that the common-focus factor includes whether the gravamens of the offenses are the same. *Ervin*, 991 S.W.2d at 814.

In this case, the indictment alleged that appellant committed both the aggravated robbery with a deadly weapon and aggravated assault with a deadly weapon in a single incident on the same day and involving the same named complainant and the same named deadly weapon, "to-wit: a firearm." The most important factors here are that the offenses have a common focus–a shared gravamen–and that the common focus "tends to indicate a single instance of conduct." *Id*. The reviewing court examines the offenses, not as they were charged, but as they appear in their full statutory forms. Aggravated robbery includes the elements of robbery (Section 29.02), plus the additional elements of aggravated robbery (Section 29.03). TEX. PENAL CODE §§ 29.02 and 29.03. Aggravated assault includes the elements of assault (Section 22.01), plus the additional elements of aggravated assault (Section 22.02). TEX. PENAL CODE §§ 22.01 and 22.02. Our case law has established that aggravated assault and aggravated robbery share a common gravamen because "the gravamen of robbery is the assaultive conduct and not the theft." *Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999), *quoting Crank v. State*, 761 S.W.2d 328, 350 (Tex. Crim. App. 1988). Further evidence of their common focus is that aggravated assault may be a lesser-included offense of aggravated robbery, depending upon the facts proven. *See Smith*, 17 S.W.3d at 661; *Royster*, 622

S.W.2d at 446. When aggravated assault is subsumed within aggravated robbery, a double-jeopardy issue arises because greater and lesser-included offenses are "by definition the 'same' for purposes of double jeopardy." *Brown*, 32 U.S. at 168. A lesser-included offense "requires no proof beyond that which is required for conviction of the greater." *Id*.

By looking at Section 29.02 (robbery), I conclude that appellant's conduct could have been addressed solely by a count of aggravated robbery, reducing the aggravated assault to a lesser-included offense. Converting the two counts into one would necessitate the deletion of only the "threat" allegation from the robbery elements. Labeling appellant's aggravated assault as a lesser-included offense creates a double-jeopardy issue because, in that case, appellant received multiple punishments for the "same" (a greater and a lesser-included) offense.

In a double-jeopardy analysis, the reviewing court applies the *Blockburger* same-elements test to the offenses as they appear in the record and also reviews the offenses in their statutory forms in order to consider whether the legislature intended to impose multiple punishments. Because aggravated assault and aggravated robbery have a common focus–a shared gravamen (assaultive conduct)–and because that common focus in this case indicates a single instance of conduct, I conclude that, for double-jeopardy purposes, we must treat these offenses as being the same offense. I do not think that the legislature intended for appellant's single act to be punished under both statutory offenses. Treating appellant's aggravated assault and aggravated robbery as the same offense creates a double-jeopardy violation, as appellant has received multiple punishments for a "single instance of conduct."

As the Supreme Court has stated, "If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence." *Ex parte*

*Lange*, 85 U.S. 163, 168 (1874). The remedy for a defendant who is subjected to multiple punishments for the same conduct is to affirm the conviction for the most serious offense and vacate the other convictions. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The "most serious" offense "is the offense of conviction for which the greatest sentence was assessed." *Id*. at 338.

The common focus indicates one assaultive act, shooting the complainant. The greater sentence assessed was for aggravated assault: confinement for life and a fine of $10,000. Therefore, I would retain the conviction for aggravated assault and set aside the conviction for aggravated robbery.

With these comments, I join the opinion of the court.

Filed: June 29, 2011
Do not publish