IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1323-08





CHRISTOPHER GARFIAS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Johnson, J., filed a concurring opinion in which Cochran, J., joined.


C O N C U R R I N G O P I N I O N



 In Ex parte Ervin, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999), this Court held that there
was a multiple-punishments violation because the offenses of intoxication manslaughter and
manslaughter involved the same complainant and the same incident, and therefore obtaining
convictions for both offenses violated the double-jeopardy clause. We then "laid out a non-exclusive
list of factors to consider when examining if two offenses are the same in the context of multiple
punishment." Bigon v. State, 252 S.W.3d at 371. These factors included: 1) whether offenses are
in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the
offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether
the offenses have a common focus; 6) whether the common focus tends to indicate a single instance
of conduct; 7) whether the elements that differ between the two offenses can be considered the same
under an imputed theory of liability that would result in the offenses being considered the same
under Blockburger; and 8) whether there is legislative history containing an articulation of an intent
to treat the offenses as the same or different for double-jeopardy purposes. Id., citing Ervin, 991
S.W.2d at 814. We further explained that the common-focus factor includes whether the gravamens
of the offenses are the same. Ervin, 991 S.W.2d at 814.

 In this case, the indictment alleged that appellant committed both the aggravated robbery with
a deadly weapon and aggravated assault with a deadly weapon in a single incident on the same day
and involving the same named complainant and the same named deadly weapon, "to-wit: a firearm." 
The most important factors here are that the offenses have a common focus-a shared gravamen-and
that the common focus "tends to indicate a single instance of conduct." Id. The reviewing court
examines the offenses, not as they were charged, but as they appear in their full statutory forms. 
Aggravated robbery includes the elements of robbery (Section 29.02), plus the additional elements
of aggravated robbery (Section 29.03). Tex. Penal Code §§ 29.02 and 29.03. Aggravated assault
includes the elements of assault (Section 22.01), plus the additional elements of aggravated assault
(Section 22.02). Tex. Penal Code §§ 22.01 and 22.02. Our case law has established that
aggravated assault and aggravated robbery share a common gravamen because "the gravamen of
robbery is the assaultive conduct and not the theft." Ex parte Hawkins, 6 S.W.3d 554, 560 (Tex.
Crim. App. 1999), quoting Crank v. State, 761 S.W.2d 328, 350 (Tex. Crim. App. 1988). Further
evidence of their common focus is that aggravated assault may be a lesser-included offense of
aggravated robbery, depending upon the facts proven. See Smith, 17 S.W.3d at 661; Royster, 622
S.W.2d at 446. When aggravated assault is subsumed within aggravated robbery, a double-jeopardy
issue arises because greater and lesser-included offenses are "by definition the 'same' for purposes
of double jeopardy." Brown, 32 U.S. at 168. A lesser-included offense "requires no proof beyond
that which is required for conviction of the greater." Id.

 By looking at Section 29.02 (robbery), I conclude that appellant's conduct could have been
addressed solely by a count of aggravated robbery, reducing the aggravated assault to a lesser-included offense. Converting the two counts into one would necessitate the deletion of only the
"threat" allegation from the robbery elements. Labeling appellant's aggravated assault as a lesser-included offense creates a double-jeopardy issue because, in that case, appellant received multiple
punishments for the "same" (a greater and a lesser-included) offense.

 In a double-jeopardy analysis, the reviewing court applies the Blockburger same-elements
test to the offenses as they appear in the record and also reviews the offenses in their statutory forms
in order to consider whether the legislature intended to impose multiple punishments. Because
aggravated assault and aggravated robbery have a common focus-a shared gravamen (assaultive
conduct)-and because that common focus in this case indicates a single instance of conduct, I
conclude that, for double-jeopardy purposes, we must treat these offenses as being the same offense. 
I do not think that the legislature intended for appellant's single act to be punished under both
statutory offenses. Treating appellant's aggravated assault and aggravated robbery as the same
offense creates a double-jeopardy violation, as appellant has received multiple punishments for a
"single instance of conduct."

 As the Supreme Court has stated, "If there is anything settled in the jurisprudence of England
and America, it is that no man can be twice lawfully punished for the same offence." Ex parte
Lange, 85 U.S. 163, 168 (1874). The remedy for a defendant who is subjected to multiple
punishments for the same conduct is to affirm the conviction for the most serious offense and vacate
the other convictions. Ex parte Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The "most
serious" offense "is the offense of conviction for which the greatest sentence was assessed." Id. at
338.

 The common focus indicates one assaultive act, shooting the complainant. The greater
sentence assessed was for aggravated assault: confinement for life and a fine of $10,000. Therefore,
I would retain the conviction for aggravated assault and set aside the conviction for aggravated
robbery.

 With these comments, I join the opinion of the court.


Filed: June 29, 2011

Do not publish