NUMBER 13-10-00262-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

KIMBERLY GALINDO,                                                                  Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 156th
District Court

of Bee County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

Appellant, Kimberly Galindo, was convicted
of assaulting a public servant, a third-degree felony.  See Tex. Penal Code Ann. § 22.01(a)(1) (West
Supp. 2010).  Punishment was assessed at ten years’ imprisonment and a $2,500
fine, with the prison term suspended and community supervision imposed for ten
years.  See Tex. Code Crim. Proc.
Ann. art. 42.12, § 3 (West Supp. 2010).  Subsequently, Galindo’s
community supervision was revoked and she was sentenced to eight years’
imprisonment.  Galindo argues on appeal that the trial court erred in granting
a second motion to revoke filed by the State.  We vacate the trial court’s
judgment and dismiss for want of jurisdiction.

I. 
Background

            On November 21, 2006, Galindo
was convicted of assaulting a public servant in trial court cause number
B-06-2162-0-CR-B.  Her ten-year prison sentence was suspended and she was
placed on community supervision.  See id.  On November 17, 2009, the
State filed a motion to revoke Galindo’s community supervision, alleging that she
had committed the crime of theft of property valued at $500 or more but less
than $1,500, a Class A misdemeanor.  See Tex. Penal Code Ann. § 31.03(a), (e)(3) (West Supp. 2010). 
The trial court granted the State’s motion on December 29, 2009, revoked Galindo’s
community supervision, sentenced her to eight years’ imprisonment, and assessed
a $2,500 fine.

Galindo perfected an appeal of the
December 29, 2009 judgment on January 25, 2010.  She also posted an appeal bond
in the amount set by the trial court.  See Tex. Code Crim. Proc. Ann. art. 44.04(c) (West 2006).  On
July 15, 2010, we affirmed the trial court’s December 29, 2009 revocation of
Galindo’s community supervision.  Galindo v. State, No. 13-10-00025-CR,
2010 Tex. App. LEXIS 5534, at *3 (Tex. App.—Corpus Christi July 15, 2010, no
pet.) (mem. op., not designated for publication).

The State filed a second motion to
revoke on March 16, 2010, while the appeal of the trial court’s December 29,
2009 order was still pending.  The State alleged in this motion that Galindo
violated the terms of her community supervision by:  (1) intentionally and
knowingly possessing and using less than one gram of cocaine, and (2)
intentionally and knowingly consuming alcohol.  Galindo stipulated to the truth
of the allegations in this motion.  On April 13, 2010, the trial court granted
the motion and again revoked Galindo’s community supervision in trial court
cause number B-06-2162-0-CR-B.  Galindo was again sentenced to eight years’
imprisonment and assessed a $2,500 fine.  This appeal followed.

II.  Discussion

The trial court’s two judgments—dated
December 29, 2009 and April 13, 2010—each purported to revoke the same order
imposing community supervision, and each sentenced Galindo to eight years’
imprisonment and assessed a $2,500 fine.  However, Galindo could not have been
subjected to multiple punishments for the same underlying offense.  See,
e.g., U.S. Const. amend. V; Ex
parte Cavazos, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

We note that the trial court would
have had jurisdiction to consider a request by the State to revoke Galindo’s
appeal bond, the terms of which were purportedly set at the time the original
community supervision order was revoked on November 17, 2009.  See Tex. Code Crim. Proc. Ann. art.
44.04(c) (providing that, pending the appeal of a felony conviction, the trial
court may “permit the defendant to remain at large on the existing bail, or, if
not then on bail, admit him to reasonable bail until his conviction becomes
final. . . .  The court may impose reasonable conditions on bail pending the
finality of his conviction.  On a finding by the court on a preponderance of
the evidence of a violation of a condition, the court may revoke the bail”). 
However, the State did not seek revocation of Galindo’s appeal bond; rather, it
sought revocation of her community supervision.  Because Galindo’s community
supervision had already been revoked pursuant to the December 29, 2009 order,
the trial court lacked jurisdiction to consider the State’s request.  We
sustain Galindo’s sole issue on appeal.

III. 
Conclusion

            We vacate the trial
court’s April 13, 2010 judgment and dismiss the cause for want of jurisdiction.

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

22nd
day of August, 2011.