

NUMBER 13-10-00262-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KIMBERLY GALINDO,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellant, Kimberly Galindo, was convicted of assaulting a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2010). Punishment was assessed at ten years' imprisonment and a $2,500 fine, with the prison term suspended and community supervision imposed for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (West Supp. 2010). Subsequently, Galindo's

community supervision was revoked and she was sentenced to eight years' imprisonment. Galindo argues on appeal that the trial court erred in granting a second motion to revoke filed by the State. We vacate the trial court's judgment and dismiss for want of jurisdiction.

## I. BACKGROUND

On November 21, 2006, Galindo was convicted of assaulting a public servant in trial court cause number B-06-2162-0-CR-B. Her ten-year prison sentence was suspended and she was placed on community supervision. *See id.* On November 17, 2009, the State filed a motion to revoke Galindo's community supervision, alleging that she had committed the crime of theft of property valued at $500 or more but less than $1,500, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(3) (West Supp. 2010). The trial court granted the State's motion on December 29, 2009, revoked Galindo's community supervision, sentenced her to eight years' imprisonment, and assessed a $2,500 fine.

Galindo perfected an appeal of the December 29, 2009 judgment on January 25, 2010. She also posted an appeal bond in the amount set by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West 2006). On July 15, 2010, we affirmed the trial court's December 29, 2009 revocation of Galindo's community supervision. *Galindo v. State*, No. 13-10-00025-CR, 2010 Tex. App. LEXIS 5534, at *3 (Tex. App.— Corpus Christi July 15, 2010, no pet.) (mem. op., not designated for publication).

The State filed a second motion to revoke on March 16, 2010, while the appeal of the trial court's December 29, 2009 order was still pending. The State alleged in this motion that Galindo violated the terms of her community supervision by: (1)

2

intentionally and knowingly possessing and using less than one gram of cocaine, and (2) intentionally and knowingly consuming alcohol. Galindo stipulated to the truth of the allegations in this motion. On April 13, 2010, the trial court granted the motion and again revoked Galindo's community supervision in trial court cause number B-06-2162-0-CR-B. Galindo was again sentenced to eight years' imprisonment and assessed a $2,500 fine. This appeal followed.

## II. DISCUSSION

The trial court's two judgments—dated December 29, 2009 and April 13, 2010—each purported to revoke the same order imposing community supervision, and each sentenced Galindo to eight years' imprisonment and assessed a $2,500 fine. However, Galindo could not have been subjected to multiple punishments for the same underlying offense. *See, e.g.*, U.S. CONST. amend. V; *Ex parte Cavazos,* 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

We note that the trial court would have had jurisdiction to consider a request by the State to revoke Galindo's appeal bond, the terms of which were purportedly set at the time the original community supervision order was revoked on November 17, 2009. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (providing that, pending the appeal of a felony conviction, the trial court may "permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. . . . The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail"). However, the State did not seek revocation of Galindo's appeal bond; rather, it sought revocation of her community

3

supervision. Because Galindo's community supervision had already been revoked pursuant to the December 29, 2009 order, the trial court lacked jurisdiction to consider the State's request. We sustain Galindo's sole issue on appeal.

### III. CONCLUSION

We vacate the trial court's April 13, 2010 judgment and dismiss the cause for want of jurisdiction.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
22nd day of August, 2011.

4