IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,661 & AP-76,662






EX PARTE RAUL GALLEGOS JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


 CAUSE NOS. CR-08-67 & CR-08-69


 IN THE 216TH DISTRICT COURT FROM BANDERA COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
manufacture and possession of methamphetamine. He was sentenced to fifty years' imprisonment
for the possession charge and sixty years' imprisonment for the manufacture charge, running
concurrently. The Fourth Court of Appeals upheld his convictions. Gallegos. v. State, Nos. 04-08-00716-CR & 04-08-00718-CR (Tex. App.-San Antonio Feb. 10, 2010)(unpublished).

 Applicant contends, inter alia, that his convictions violate the Double Jeopardy Clause of the
US Constitution. The indictments for each cause alleged the amount of methamphetamine as over
400 grams. The trial court has found that there were three separate batches of drugs discovered at
the crime scene in these cases, however only one of those amounts weighed over 400 grams as
alleged in the indictments. Therefore the same drugs were used to convict Applicant of both the
possession and the manufacture of a controlled substance charges. This is a violation of the Double
Jeopardy Clause of the United States Constitution. Weinn v. State, 326 S.W.3d 189 (Tex. Crim.
App. 2010). 

 Relief is granted. The remedy when a violation of the Double Jeopardy clause has occurred
is to vacate the lesser sentence and retain the greater sentence. See Ex parte Cavazos, 203 S.W.3d
333,337 (Tex. Crim. App. 2006). Therefore, the judgment in Cause No. CR-08-067 in the 216th
Judicial District Court of Bandera County is vacated and set aside. All other challenges to the
convictions in both of these cause numbers are denied based on this Court's review of the record. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Parole Division.


Delivered: October 12, 2011

Do Not Publish