

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-74,684-04

**EX PARTE JEFFREY SCOTT FIELDS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 9034186 IN THE 390TH DISTRICT COURT
## FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of burglary of a habitation. TEX. PENAL CODE § 30.02(a)(1). He was sentenced to a term of life imprisonment on count one and to ninety-nine years' imprisonment in counts two and three. The Third Court of Appeals affirmed his convictions. *Fields v. State*, No. 03-04-00422-CR (Tex. App.—Austin July 14, 2005) (unpublished).

Applicant's writ application raised many grounds for relief, including claims of

prosecutorial misconduct and ineffective assistance of counsel. After a remand, the trial court recommended denying relief. Though applicant did not raise the issue in his writ application, the State notes that two of applicant's three convictions may pose a double jeopardy problem. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2007). In an abundance of caution, and to afford applicant, who is pro se, the opportunity to more fully develop his habeas petition in light of the State's concession, we remand the case so that the trial court may make findings addressing this issue.

The trial court shall make findings of fact and conclusions of law as to whether any of applicant's three convictions for burglary of a habitation violate principles of double jeopardy. The trial court shall make findings addressing specifically whether applicant's three convictions for burglary of a habitation were all based on the same unit of prosecution. *Id.* If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015

Do not publish