

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,661 & AP-76,662

### EX PARTE RAUL GALLEGOS JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-08-67 & CR-08-69
### IN THE 216TH DISTRICT COURT FROM BANDERA COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture and possession of methamphetamine. He was sentenced to fifty years' imprisonment for the possession charge and sixty years' imprisonment for the manufacture charge, running concurrently. The Fourth Court of Appeals upheld his convictions. *Gallegos. v. State,* Nos. 04-08-00716-CR & 04-08-00718-CR (Tex. App.–San Antonio Feb. 10, 2010)(unpublished).

Applicant contends, *inter alia*, that his convictions violate the Double Jeopardy Clause of the

US Constitution. The indictments for each cause alleged the amount of methamphetamine as over 400 grams. The trial court has found that there were three separate batches of drugs discovered at the crime scene in these cases, however only one of those amounts weighed over 400 grams as alleged in the indictments. Therefore the same drugs were used to convict Applicant of both the possession and the manufacture of a controlled substance charges. This is a violation of the Double Jeopardy Clause of the United States Constitution. *Weinn v. State*, 326 S.W.3d 189 (Tex. Crim. App. 2010).

Relief is granted. The remedy when a violation of the Double Jeopardy clause has occurred is to vacate the lesser sentence and retain the greater sentence. *See Ex parte Cavazos*, 203 S.W.3d 333,337 (Tex. Crim. App. 2006). Therefore, the judgment in Cause No. CR-08-067 in the 216th Judicial District Court of Bandera County is vacated and set aside. All other challenges to the convictions in both of these cause numbers are denied based on this Court's review of the record.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.


Delivered: October 12, 2011
Do Not Publish