IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,648-01 & WR-78,648-02






EX PARTE ROBERT GAMBLE, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 937904 & 937905 IN THE 262ND DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Alcala, J., not participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of burglary of a habitation and sentenced to thirty years' imprisonment in Cause No. 937904 and
to seventeen years' imprisonment in Cause No. 937905. The First Court of Appeals affirmed his
convictions. Gamble v. State, Nos. 01-03-00203-CR & 01-03-00204-CR (Tex. App.--Houston [1st
Dist.] June 10, 2004) (unpublished).

 Applicant contends that his convictions violated double jeopardy and that trial counsel
rendered ineffective assistance because, inter alia, counsel did not raise double jeopardy. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Cavazos, 203 S.W.3d 333, 335, 357 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether convictions
for both offenses violate principles of double jeopardy. The trial court shall also make findings of
fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 19, 2012

Do not publish