

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,011

### EX PARTE EARL STEPP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2010-1176-E IN THE 367TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated assault and one count of assault family violence. He was sentenced to twelve years' imprisonment on each count. He did not appeal his conviction.

Applicant contends, *inter alia*, that his convictions violate the Double Jeopardy Clause of the US Constitution. Both counts of assault were alleged to have been committed against the same victim on the same day and involved the same criminal act. Each victim constitutes the allowable

unit of prosecution under the Texas assault statute. *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (citing to *Philips v. State*, 787 S.W.2d 39, 394–95 (Tex. Crim. App. 1990) and comparing assault to burglary wherein the unlawful entry is the allowable unit of prosecution). We agree with the trial court's conclusion that Applicant has suffered multiple punishments for the same offense. Applicant is entitled to relief.

Relief is granted. The judgment in Count II of Cause No. F-2010-1176-E in the 367th Judicial District Court of Denton County is vacated and set aside. All remaining issues challenging the judgment in count one are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.

Delivered: April 17, 2013
Do Not Publish