

# NUMBER 13-12-00484-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALBERTO GALVAN REYNA,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 332nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Alberto Galvan Reyna challenges his conviction by a jury for murder. *See* TEX. PENAL CODE ANN. § 19.02(b) (West 2011). By three issues, appellant argues that the trial court erred in: (1) charging the jury on two counts based on the same underlying conduct; (2) denying appellant's motion for mistrial based on what he

characterized as inconsistent verdicts; and (3) granting the State's motion to abandon the jury's conviction on the lesser-included offense of criminally negligent homicide. We affirm as modified.

## I. Background[1]

The following facts are undisputed. On the night of April 20, 2011, appellant, his wife, his sister Candy, and Candy's husband returned to appellant's apartment in Pharr, Texas after a shopping trip. While appellant was taking groceries into the apartment, Candy waited by the car. While she was waiting, Roel Rocha Jr. and another man pulled up behind appellant's car. Rocha and Candy had a verbal argument, and Candy called appellant for help. Appellant came outside, he and Rocha began fighting, and during the struggle, appellant stabbed Rocha with a pocket knife. Rocha died from the knife wound shortly thereafter.

In connection with the foregoing, appellant was indicted on two counts of murder. The first count alleged that appellant intentionally and knowingly caused Rocha's death by stabbing him with a knife. *See id.* § 19.02(b)(1). The second count alleged that appellant, with the intent to cause serious bodily injury, committed an act clearly dangerous to human life by stabbing Rocha with a knife and that this act caused Rocha's death. *See id.* § 19.02(b)(2). Reyna pleaded not guilty, and his case was tried to a jury.

After the close of evidence, the trial court gave the jury a two-count charge. The first count of the charge, tracking count one of the indictment, included instructions on both intentional and knowing murder and criminally negligent homicide. *See id.* §

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

19.02(b)(1); *see also id.* § 19.05(a) (West 2011). Under this count, pursuant to a disjunctive instruction, the jury found appellant not guilty of murder but guilty of criminally negligent homicide. The second count of the charge, tracking count two of the indictment, included instructions on "act clearly dangerous to human life" murder and criminally negligent homicide. *See id.* § 19.02(b)(2); *see also id.* § 19.05(a). Under this count, the jury found appellant guilty of murder.

The State then filed a motion to dismiss count one, the negligent homicide conviction, and proceed on count two, the murder conviction. Appellant objected to the State's motion and then moved for a mistrial, arguing that the jury's two verdicts were inconsistent as they were based on competing mental states. In the alternative, appellant requested that the trial court dismiss count two and proceed on count one. The trial court granted the State's motion, denied appellant's motions, and proceeded to a punishment hearing before the jury on the murder conviction. After the hearing, the jury returned a sentence of forty-two years' incarceration. This appeal followed.

## II. Charge Error

By his first issue, appellant asserts jury charge error. In analyzing a jury-charge issue, it must first be determined if error occurred. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If there was error in the charge, then we must determine whether that error harmed the appellant. *See id.*

Appellant argues that because the jury charge on both counts involved the same underlying conduct, it did not allow the jury to reach a unanimous verdict. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012) (guaranteeing a defendant in a felony

3

criminal trial the right to a unanimous verdict). We are not persuaded. The charges used in this case posed no danger to unanimity. The jury was charged in two separate counts on two different types of murder and, within each count, with alternative instructions on criminally negligent homicide. Generally, instructing a jury on alternative theories of committing the same offense does not violate the unanimity requirement. *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004). We conclude that under the charges submitted in this case, there was no way for the jury to split in its verdict and come to a less than unanimous conclusion.[2]

In sum, we find no error in the charges submitted to the jury. *See Ngo*, 175 S.W.3d at 743. Appellant's first issue is overruled.

### III. State's Motion to Dismiss and Reyna's Motion for Mistrial

By his second and third issues, appellant argues that the trial court erred in granting the State's motion to dismiss count one and denying appellant's motion for mistrial. Because the jury's negligent homicide and murder verdicts were inconsistent, appellant urges that the correct action would have been to either dismiss count two, leaving the negligent homicide verdict, or declare a mistrial. We disagree.

> An appellate court reviews a trial court's ruling on a motion for mistrial . . . using an abuse-of-discretion standard of review. We view the evidence in the light most favorable to the trial court's ruling and uphold the

---

[2] The remainder of appellant's argument is premised on the notion that the second count in the charge was based on the felony murder rule embodied in penal code subsection 19.02(b)(3). *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011) ("A person commits an offense if he . . . commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."). But because the second count was based on subsection 19.02(b)(2)—providing that a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual"—the remainder of appellant's argument and supporting legal authority is inapposite, and we will not address it in this appeal. *See id.* § 19.02(b)(2).

trial court's ruling if it was within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. Thus, a trial court abuses its discretion in denying a [a motion for mistrial] only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

*Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).

Here, the State concedes that the offense alleged in count one—subsection 19.02(b)(1) intentional or knowing murder—is the same as the offense alleged in count two—subsection 19.02(b)(2) "act clearly dangerous to human life" murder—and that allowing punishment on both verdicts would have violated appellant's double-jeopardy rights. *See Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (holding that the double-jeopardy clause "protects an accused against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense"); *see also* TEX. PENAL CODE ANN. § 19.02(b)(1), (2). The record shows that it was this possibility that prompted the State's motion to dismiss one of the counts. And the trial court's decision to retain the most serious offense was correct under the law.

"When a defendant is convicted of two offenses that are the 'same' for double-jeopardy purposes, our case law tells us that the conviction for the 'most serious' offense is retained and the other conviction is set aside." *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (citation omitted). Whether offenses are the same for double-jeopardy purposes is determined by looking to the "allowable unit of prosecution," which is defined by the legislature and determines if one course of conduct results in more

than one offense. *Id.* at 336. For homicidal offenses, the allowable unit of prosecution is the victim; in other words, the legislature did not intend "for one to be prosecuted for several homicides when there is only one victim." *See Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Thus, in this case, appellant's two convictions—one for murder and one for criminally negligent homicide, but both involving the same victim—were the same for double-jeopardy purposes. And clearly, the most serious of those was the murder conviction. Murder is a first-degree felony and is punishable by five to ninety-nine years or life in prison. TEX. PENAL CODE ANN. § 19.02(c); *id.* § 12.32(a) (West 2011). Criminally negligent homicide is a state-jail felony and is punishable by 180 days to 2 years in prison. *Id.* § 19.05(b); *id.* § 12.35(a) (West Supp. 2012). The maximum punishment available for criminally negligent homicide does not even reach the minimum punishment for murder.

Under the applicable law and the record before it, we conclude that it was reasonable for the trial court to dismiss the less serious offense and retain the most serious. *See Webb*, 232 S.W.3d at 112; *see also Ex parte Cavazos*, 203 S.W.3d at 337. Therefore, the trial court did not abuse its discretion in denying appellant's motion for mistrial contesting this determination. *See Webb*, 232 S.W.3d at 112. Appellant's second and third issues are overruled.

## IV. Modification of the Judgment

We note that the trial court's judgment mistakenly refers to penal code section 19.02(b)(1), instead of section 19.02(b)(2), as the statute of offense. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2). Because we have the necessary data and evidence for

reformation, we modify the trial court's judgment to reflect the correct statute for the offense—Texas Penal Code section 19.02(b)(2). *See id.* § 19.02(b)(2); TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc).

## V.  Conclusion

We affirm the judgment as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of January, 2014.

7