

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-42,963-02

## EX PARTE ANTHONY DEVON WRIGHT, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. FR43359 IN THE 264TH DISTRICT COURT
## FROM BELL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court two applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of burglary of a habitation with intent to commit aggravated assault, and was sentenced to concurrent life sentences for both charges. The Third Court of Appeals affirmed his convictions. *Wright v. State*, Nos.03-94-00095-CR and 03-94-00096-CR (Tex. App. – Austin, October 19, 1994, *no pet.*).

In 1999, Applicant filed his first application for writ of habeas corpus challenging these convictions. In it, he alleged that he had received ineffective assistance of trial and appellate

counsel. This Court denied relief on October 6, 1999. In February of 2014, Applicant filed a second set of habeas applications challenging these two convictions. In his second set of applications, Applicant alleged actual innocence as a "gateway" claim, tied to constitutional violations of the prohibition on double jeopardy. Because the validity of Applicant's claims was not clear from the record, this Court dismissed the second set of applications on April 2, 2014, as barred by Article 11.07, Section 4 of the Texas Code of Criminal Procedure.

In August of 2014, Applicant filed his third set of habeas applications challenging these convictions. In these applications, Applicant made the same claims he made in his second set of applications. However, this time an examination of the facts as stated in the appellate opinion revealed that Applicant's double jeopardy claim has merit.

After Applicant's first habeas application had been denied, this Court issued an opinion clarifying the law with respect to the allowable unit of prosecution for the offense of burglary of a habitation. In *Ex parte Cavazos*, this Court held that the complainant is not the appropriate allowable unit of prosecution in a burglary; rather, the allowable unit of prosecution in a burglary is the unlawful entry. *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006). Like Cavazos, Applicant had been convicted of two charges of burglary of a habitation involving two complainants, but a single unlawful entry. Therefore, he is being improperly punished twice for a single unlawful entry.

Because Applicant raised a double jeopardy claim in his second set of applications, which this Court erroneously dismissed as subsequent applications, this Court now reconsiders that dismissal on its own motion.

Relief is granted. The judgment in Cause No. FR43359 from the 264th District Court of

Bell County is set aside. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 24, 2014
Do not publish