

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,568-01

### EX PARTE TONY BRAZZ BURNS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR18676-A IN THE 35TH DISTRICT COURT
### FROM BROWN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and sentenced to eight years' imprisonment on each count. He did not appeal his convictions.

Applicant contends that he pleaded guilty to only the second count in the information and that he was sentenced to multiple punishments in violation of the Double Jeopardy Clause.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App.

1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pleaded guilty to both counts in the information and whether he was sentenced to multiple punishments in violation of the Double Jeopardy Clause. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. If available, a copy of the reporter's record of the guilty plea hearing shall also be forwarded with the supplemental record. Any extensions of time shall be obtained from this Court.

Filed: February 24, 2016
Do not publish