

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00157-CR

PAUL THOMAS PUTNAM, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13139, Honorable Ralph H. Walton, Jr., Presiding

July 28, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Paul Thomas Putnam, Jr., appellant, appeals his conviction for burglarizing a building. Through a single issue, he contends the trial court erred by failing to instruct the jury on the lesser included offense of criminal trespass.[1] We affirm.

The record evidence illustrates that appellant entered an office closed to the public via the use of a crowbar. This was captured on video. Once inside, he

---

[1] Because the appeal was transferred to this court from the Second Court of Appeals, we apply the latter's precedent where available should no controlling precedent from a higher court exist. See TEX. R. APP. P. 41.3.

proceeded to an area whereat a safe was located. Though an image of him being by the safe was not captured on the video, his comments were. They consisted of him saying: "empty, son of a bitch is empty."

Appellant does not deny, on appeal, that he entered the locked office with the help of the crowbar. Nor does he deny the existence of pry marks on the office door, or his visage being captured on the camera, or his movement towards the safe, or his speaking the words recorded on the video, or his rummaging through files in the previously locked office. Nonetheless, he argues that he was entitled to an instruction on the purported lesser included offense of criminal trespass because nothing was taken from the office.

The requisites for obtaining an instruction on a lesser included offense are thoroughly discussed in opinions such as *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007) and *Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993). Not only must the elements of the purported lesser offense be included within the proof necessary to establish the greater offense, but also, some evidence must appear of record that would permit a jury to rationally find that if appellant was guilty of anything, it was only of the lesser offense. *Rousseau v. State*, 855 S.W.2d at 672-73.

Next, to convict one of burglarizing a building (as appellant was charged here), the State must prove that appellant, with intent to commit theft, entered a building or a portion of a building not then open to the public without the effective consent of the owner. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). It is not necessary that it prove the commission of an actual theft. That is, our Court of Criminal Appeals has stated that "when a burglary is committed, the harm results from the entry itself." *Ex*

*parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). "The offense is complete once the unlawful entry is made, without regard to whether the intended theft or felony is also completed." *Id.* Given this, a defendant accused of burglary may lawfully be convicted of the offense without proof that anything was taken. So, if we are to assume that the failure to take anything suggests a mere criminal trespass, as suggested by appellant, it does not prohibit a conviction for burglary.

Simply put, if the evidence cited by appellant would entitle the factfinder to convict him of criminal trespass it also entitled the factfinder to convict him of burglary. That means appellant did not satisfy the second element of the *Rousseau* test. If the same evidence would support a conviction for either offense, it cannot be said that the record permits only a conviction for the lesser offense.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice



Do not publish.