

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-85,310-01

### EX PARTE THOMAS LITTLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-0698-CR-C-A IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*. *Alcala, J., filed a concurring opinion.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and sentenced to concurrent terms of twenty years' imprisonment. The Fourth Court of Appeals affirmed his convictions. *Little v. State*, No. 04-14-00618-CR (Tex. App.—San Antonio Oct. 7, 2015).

Applicant contends that his two convictions violate double jeopardy and that his appellate counsel should have raised the issue. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Ex parte Milner*, 394 S.W3d 502, 506 (Tex. Crim. App.

2013); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). There is no response from appellate counsel or findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish