

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00051-CR
07-17-00052-CR
07-17-00053-CR

JUAN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-408,165, Counts 1, 2, and 3, Honorable William R. Eichman II, Presiding

August 14, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Juan Martinez, appeals his convictions for two counts of burglary of a habitation[1] and one count of retaliation.[2] He contends that these convictions violate his double jeopardy rights and that the judgments should be reformed in such a manner that only the second count of burglary of a habitation should stand. The State concedes that

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a) (West Supp. 2017).

[2] *See id.* § 36.06(a) (West 2016).

one of the burglary of a habitation convictions must be vacated but contends that retaliation is a separate offense from burglary of a habitation and, as such, these convictions do not implicate double jeopardy concerns. Agreeing with the State, we will vacate one of the burglary of a habitation counts and affirm the judgments as reformed.

## Factual and Procedural Background

On November 26, 2015, Elizabeth Lopez and her common law husband, Lincoln Flores, went to Lincoln's sister's house to have drinks. About thirty minutes after arriving, Elizabeth left to go home and work on cooking Thanksgiving dinner. Later, Lincoln's sister, Victoria, called Elizabeth and told her that she needed to come pick up Lincoln. When Lincoln entered the vehicle, he started calling Elizabeth names and hitting the seat. He eventually struck Elizabeth, which initiated a physical altercation between the two. Victoria, alerted by the commotion, approached the vehicle and hit Elizabeth in the face with a beer bottle. Lincoln and Victoria then began punching and pulling on Elizabeth, who drove away from the scene in fear for her life. After driving away, Elizabeth called 911. The police met Elizabeth at her house, where she gave them a report of the incident. While the police were still at the house, Lincoln arrived and was arrested for domestic assault.

At some point after the police left, one of Elizabeth's sons knocked on the door to her bedroom but did so while warning her not to open the door. Despite the warning, Elizabeth opened the door to see appellant, Victoria's husband, inside her house and coming toward her. After a brief exchange during which appellant demanded the keys to Elizabeth's car, appellant punched Elizabeth in the face with sufficient force to knock her

2

to the ground. Appellant then stabbed Elizabeth in the right arm with a knife. At that point, Elizabeth's fourteen-year-old son hit appellant on the side of his head. In response, appellant began hitting Elizabeth's son and cutting him with the knife. To protect her children, Elizabeth drew appellant's attention back to herself. Appellant stabbed Elizabeth again, this time in her left arm. Elizabeth then ran down the street from appellant until she tripped. A car approached the location where Elizabeth had fallen and the passengers in the vehicle got out. Unfortunately for Elizabeth, the passengers were Victoria and members of her family. Appellant, Victoria, and the others then began punching and kicking Elizabeth until her son once again intervened. After Elizabeth's son intervened in the street, appellant and the others ran away. Elizabeth gave a report to the police about the incident with appellant. Both she and her son were taken to the hospital where both received stitches for their injuries.

Appellant was indicted for burglary of a habitation with the felony offense of injury to a child (Count 1), burglary of a habitation with the felony offense of aggravated assault (Count 2), and retaliation (Count 3). Appellant entered an open plea of guilty to all three counts alleged in the indictment and "true" to two felony enhancement paragraphs. The trial court held a punishment hearing, after which it sentenced appellant to seventy-five years' imprisonment for each burglary count, and fifty years' imprisonment for the retaliation count. Appellant timely filed his notice of appeal.

Appellant presents two issues by his appeal. His first issue contends that the trial court could not punish him for the burglary offense alleged in Count 2 and the retaliation offense alleged in Count 3 because the elements of retaliation are subsumed within the elements of that burglary charge. Appellant's second issue contends that the two burglary

3

offenses relate to a single burglary and, as such, violate double jeopardy.  The State concedes appellant's second issue.  Because this issue resolves appellant's first issue, we will address appellant's second issue first.

Law and Analysis

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ."  U.S. CONST. amend. V.  The Double Jeopardy Clause prohibits a second prosecution after the accused has already been convicted or acquitted for the offense, and multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016). "A multiple-punishments violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once."  *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).   Whether the Legislature intended multiple punishments is the key factor in determining whether a multiple-punishment double jeopardy violation has occurred.  *Stevenson*, 499 S.W.3d at 850.

In a double-jeopardy analysis, whether conduct constitutes the "same offense" is determined by examining the legislative intent and determining the number of punishable offenses the Legislature contemplated.  *Id*.  When two separate statutory provisions are involved, our analysis must include both an elements analysis under *Blockburger*[3] and a

---

[3] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

4

units analysis. *Id.* However, if the offenses involved are codified in a single statute, we need only conduct a units-of-prosecution analysis because the elements tests must necessarily be resolved in favor of the defendant. *Id.*

In conducting the elements analysis under *Blockburger*, we compare the two statutes and determine "whether each provision requires proof of a fact that the other does not." *Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015) (orig. proceeding) (quoting *Blockburger*, 284 U.S. at 304). In Texas, we apply the cognate-pleadings approach to the *Blockburger* elements analysis. *Id.* This approach entails comparing the elements of the greater offense as pleaded to the statutory elements of the lesser offense. *Id.* Utilizing this approach, if the offenses have the same elements, a rebuttable assumption arises that the offenses are the same for purposes of double jeopardy. *Id.*

If the offenses are proscribed by a single statute or are the same under an elements analysis, double jeopardy is not violated if the offenses constitute separate allowable units of prosecution. *Id.* at 73. In conducting a units analysis, we consider the allowable unit of prosecution based on the statute's construction and the gravamen of the offense, as well as how many units have been proven by the trial evidence. *Stevenson*, 499 S.W.3d at 850-51.

When a double jeopardy claim is not raised before the trial court, it may be raised for the first time on appeal when: (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006). A double jeopardy claim is apparent on the face of the

5

record if resolution of the claim does not require further proceedings to introduce additional evidence. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). While the State has an interest in maintaining the finality of a conviction, there is "no legitimate [state] interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections." *Id.* at 545.

Issue Two

By his second issue, appellant contends that the two burglary counts violate double jeopardy because they arise out of the same burglary and only vary in terms of the felony that was committed within the habitation. The State concedes that conviction for these offenses violates double jeopardy.

The indictment's first count alleges that appellant intentionally or knowingly entered a habitation without the owner's consent and committed the felony offense of injury to a child. Its second count alleges that appellant intentionally or knowingly entered a habitation without the owner's consent and committed the felony offense of aggravated assault. Both offenses are prescribed by the same statute, section 30.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 30.02. The gravamen of a burglary offense under section 30.02 is the unauthorized entry with the requisite mental state. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); *Scroggs v. State*, 396 S.W.3d 1, 17 (Tex. App.—Amarillo 2010, pet. ref'd). "The offense is complete from entry." *Scroggs*, 396 S.W.3d at 17. As such, convictions for two burglary of a habitation counts that involve the same unlawful entry and vary only in the identification of the intended felony violate

6

double jeopardy. *Ex parte Cavazos*, 203 S.W.3d at 337; *see Scroggs*, 396 S.W.3d at 17. Since appellant was convicted of two counts of burglary of a habitation based on a single entry, one to commit the intended felony of injury to a child and the other to commit the intended felony of aggravated assault, we conclude that the multiple convictions and resulting punishments violate double jeopardy.

When a defendant has been convicted of two offenses that are the same offense for double jeopardy purposes, we retain the conviction with the "most serious punishment," and vacate any remaining convictions that violate double jeopardy. *Ex parte Cavazos*, 203 S.W.3d at 337; *Scroggs*, 396 S.W.3d at 17. The most serious offense is ordinarily the offense for which the greatest punishment was assessed. *Ex parte Cavazos*, 203 S.W.3d at 338. When the two sentences are the same, other factors can be considered to determine which offense is the most serious. *See Bigdon v. State*, 252 S.W.3d 360, 373 (Tex. Crim. App. 2008) (degree of offense); *Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007) (deadly weapon finding); *Ex parte Cavazos*, 203 S.W.3d at 338-39 (restitution).

In the present case, appellant was punished for each burglary of a habitation charge by seventy-five years' incarceration with no fine or restitution ordered. Further, an affirmative finding on the use or exhibition of a deadly weapon is contained in each judgment. While not specifically reaching the issue, the Texas Court of Criminal Appeals has cited to some of its case law as suggesting that, all other factors being equal, the conviction that should be affirmed is the offense named in the first verdict form, which will ordinarily be the offense described in the first count of an indictment. *Ex parte Cavazos*, 203 S.W.3d at 339 n.8 (citing *Ex parte Cravens*, 805 S.W.2d 790, 791 (Tex. Crim. App.

7

1991), *McIntire v. State*, 698 S.W.2d 652, 656 (Tex. Crim. App. 1985), and *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex. Crim. App. 1985)).  When this Court was confronted with the situation of a double jeopardy violation involving convictions under the same statute for which identical sentences were imposed, we affirmed the offense named first in the verdict form.  *Scroggs*, 396 S.W.3d at 17-18.  Several of our sister courts have taken the same approach.  *See Burwell v. State*, No. 11-12-00351-CR, 2014 Tex. App. LEXIS 12542, at *4-5 (Tex. App.—Eastland Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication); *Cooper v. State*, No. 03-10-00348-CR, 2014 Tex. App. LEXIS 7509, at *3-5 (Tex. App.—Austin July 11, 2014, no pet.) (mem. op., not designated for publication); *Ellison v. State*, 425 S.W.3d 637, 648-49 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Ruth v. State*, No. 13-10-00250-CR, 2011 Tex. App. LEXIS 7006, at *24-25 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication); *Newsome v. State*, No. 02-05-00390-CR, 2007 Tex. App. LEXIS 2546, at *8 (Tex. App.—Fort Worth Mar. 29, 2007, pet. ref'd) (mem. op., not designated for publication).  We will follow this approach in the present case and vacate Count Two of the judgments, which convicts appellant of burglary of a habitation predicated on his commission of aggravated assault against Elizabeth Lopez.

## Issue One

Appellant's first issue contends that the trial court could not punish him for the burglary of a habitation predicated on his commission of aggravated assault against Elizabeth Lopez (Count 2) and retaliation against Elizabeth (Count 3) because doing so would violate double jeopardy in that the elements of retaliation are subsumed within the elements of burglary of a habitation as charged in the indictment.  However, as we have

8

vacated appellant's conviction for Count 2, we need not address appellant's first issue. *See* TEX. R. APP. P. 47.1.

Conclusion

We render judgment vacating Count 2, burglary of a habitation predicated on aggravated assault, of the judgments of the trial court. In all other respects, we affirm the trial court's judgments.

Judy C. Parker
Justice

Do not publish.