COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RAMSES LUIS LICANO, | § | No. 08-19-00229-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Two |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20190C01810) |

## O P I N I O N

Appellant Ramses Luis Licano was charged with two distinct misdemeanor offenses: (1) the unlawful carrying of a weapon in a motor vehicle while engaged in criminal activity (UCW), and (2) driving while intoxicated (DWI). TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A) and (b); TEX. PENAL CODE ANN. § 49.04(a) and (b). Both charges arose out of the same incident and, even though the charges were filed in separate trial cause numbers, Licano consented to the two charges being tried together. A jury convicted Licano of both charges. Licano filed two identical notices of appeal under distinct appellate cause numbers, No. 08-19-00229-CR for the UCW charge (trial court cause number 20190C01810) and No. 08-19-00230-CR for the DWI charge (trial court cause number 20190C01809). In both appeals, Licano argues in a single issue that the two convictions result in multiple punishments for the same offense, thereby violating the Double Jeopardy Clause

of the Fifth Amendment. Yet, he only seeks a remedy on appeal as to his DWI conviction and punishment, not as to his UCW conviction. We address each appeal individually except to the extent we recognize that the two appeals are interrelated. Accordingly, this appeal addresses appellate cause number 08-19-00229-CR (trial court cause number 20190C01810), which pertains solely to the UCW charge.

Finding no controversy, we dismiss the appeal as moot.

## I.    BACKGROUND

The underlying facts resulting in Licano's convictions are not in dispute. During trial, Officer Oswaldo Ordonez of the El Paso Police Department testified he initiated a traffic stop after observing a car that appeared to be speeding and swerving. During the stop, the driver identified as Licano, told Officer Ordonez he had a weapon in his glove box. Officer Ordonez recovered a .40-caliber handgun in the vehicle and, after conducting standardized field sobriety tests, determined Licano was operating a vehicle in a public place while intoxicated. Officer Ordonez placed Licano under arrest for driving while intoxicated.

Licano was charged by information with a single count of unlawful carrying of a weapon. Licano was also charged by information with driving while intoxicated. A jury convicted Licano of both charges. The trial court sentenced Licano to one year in jail for the UCW offense and 180 days in jail for the DWI, each probated for a period of one year.

## II.    DISCUSSION

In a single issue on appeal, Licano contends that imposing punishment for both DWI and also UCW while committing a DWI, both arising from the same incident, subject him to multiple punishments not clearly authorized by the Texas Legislature. With a two-part argument, the State

2

counters: First, the appeal of the UCW charge is moot because Licano is not seeking reversal or amendment of his conviction of that charge; and second, that the two offenses are not the same offense for double jeopardy purposes and multiple punishments are not against legislative intent.

**A.  Standard of Review and Applicable Law**

The Double Jeopardy Clause of the Fifth Amendment states that no person shall be placed twice in jeopardy for the same offense. U.S. CONST. amend. V. The Double Jeopardy clause protects from second prosecutions for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S. CONST. amend. V; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006); *see also Brown v. Ohio*, 432 U.S. 161, 164 (1977) (making the double jeopardy clause applicable to the states by the Fourteenth Amendment). The multiple punishments claim arises when either the same conduct is punished twice under the lesser-included offense context, or when the same criminal act is punished twice under distinct statutes when there was clear legislative intent that the conduct only be punished once. *Langs*, 183 S.W.3d at 685. When a double jeopardy violation is determined to have occurred, the remedy is to set aside the less serious offense and retain the more serious one. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); *Cucuta v. State*, No. 08-15-00028-CR, 2018 WL 1026450, at *8 (Tex. App.— El Paso February 23, 2018, no pet.) (not designated for publication).

**B.  Mootness**

We first address the State's argument that Licano's appeal of this case is moot as he has presented no controversy for this Court. The State argues that since Licano does not challenge the UCW charge in any manner, nor seek any modification or other action altering his UCW

conviction or punishment, there is no controversy to resolve. *See Ex parte Flores*, 130 S.W.3d 100, 104-105 (Tex. App.—El Paso 2003, pet. ref'd). Specifically, Licano requests his UCW conviction be retained and his DWI conviction be dismissed or reformed to reflect a verdict of "not guilty."

Generally, a case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted). If a controversy ceases to exist and the decision of an appellate court would be a mere academic exercise, the court may not decide the appeal. *Flores*, 130 S.W.3d at 104-105; *Hung Dasian Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Two exceptions to the mootness doctrine exist: (1) the "capable of repetition yet evading review" exception and (2) the "collateral consequences" exception. *See Flores*, 130 S.W.3d at 105. The first exception applies when the challenged act is of such short duration that a party cannot obtain review before the issue becomes moot. *Id.* The second exception applies when courts perceive that prejudicial events have occurred whose effects continue to stigmatize long after the judgment has ceased to operate. *Id.*

Here, we conclude that Licano's appeal of the UCW conviction is moot because he has presented no controversy for this Court to decide as to that conviction or as to its punishment, and no exception to the mootness doctrine otherwise applies. *Id.* Licano does not challenge his UCW conviction in any manner nor does he seek a different judgment regarding that case. Instead, he merely argues in briefing that the sentence imposed for his UCW conviction was greater than the sentence imposed for his DWI conviction. Thus, Licano seeks no remedy whatsoever in this appeal as to his UCW conviction or punishment. *See Cavazos*, 203 S.W.3d at 337; *see also Cucuta,* 2018 WL 1026450, at *8 (observing that the remedy for a double jeopardy violation, if any, where a

4

defendant is given multiple punishments for what is determined to be the same offense, is to set aside the less serious offense and retain the more serious one). Licano concedes that his UCW conviction should be retained, in any event, and he presents no controversy to be addressed in this appeal.

Licano's sole issue is overruled as moot.

### III. CONCLUSION

We dismiss this appeal as moot.

GINA M. PALAFOX, Justice

February 11, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)