**AFFIRMED as MODIFIED in part; REVERSED and REMANDED in part; and Opinion Filed November 27, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00680-CR**
**No. 05-23-00681-CR**
**No. 05-23-00682-CR**

**ZACHARY WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-12488-R, F21-12489-R, and F21-62009-R**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Appellant Zachary Williams entered an open plea of guilty to (1) the state jail felony offense of possession of methamphetamine in an amount of less than one gram,[1] *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115(a), (b); (2) the offense of accident involving injury,[2] *see* TEX. TRANSP. CODE ANN. § 550.021(c)(2); and (3) the state jail felony offense of evading arrest on foot with a prior evading

---

[1] Trial Court Cause No. F21-12488-R; Appellate Cause No. 05-23-00680-CR.

[2] Trial Court Cause No. F21-12489-R; Appellate Cause No. 05-23-00681-CR

arrest conviction,[3] *see* TEX. PENAL CODE ANN. § 38.04(a), (b)(1). Appellant also pleaded true to two punishment enhancement paragraphs on the possession charge and to at least one enhancement paragraph on the evading arrest charge.[4] The cases proceeded to a punishment hearing before the court. The trial court deferred a finding of guilt on the possession charge and placed appellant on community supervision for a term of ten years. As to the other two charges, the trial court found appellant guilty and assessed his punishment at ten years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant filed a motion for new trial in each case, which the trial court denied. These appeals ensued. In eight issues, appellant asserts that the trial court erred in ordering him to pay restitution in the possession case (Issues One and Two), the order of deferred adjudication in the possession case contains errors and should be modified (Issue Six), the sentences in the accident involving injury and the evading arrest cases are illegal because they are outside the range of punishment allowed by statute (Issues Three and Four), alternatively the judgments in those two cases should be modified to accurately reflect the record (Issues Seven and Eight), and the trial court erred in ordering appellant to pay costs and restitution when it neglected to make the required indigency inquiry on the record (Issue Five). The

---

[3] Trial Court Cause No. F21-62009-R; Appellate Cause No. 05-23-00682-CR.

[4] Whether appellant pleaded true to one judicial enhancement paragraph, one punishment enhancement paragraph, or two punishment enhancement paragraphs is the subject of his fourth issue on appeal.

State brings two cross issues asserting that other modifications are necessary. Based on the reasons discussed below, we affirm as modified the Order of Deferred Adjudication in Trial Court Cause No. F21-12488-R, reverse the punishments assessed in Trial Court Cause Nos. F21-12489-R and F21-62009-R, and remand Cause Nos. F21-12489-R and F21-62009-R to the trial court for new sentencing hearings.

### Restitution Ordered in Cause No. F21-12488-R

In his first issue, appellant argues that the trial court abused its discretion and violated his constitutional right to due process of law by ordering appellant to pay $5,000 in restitution on the possession of methamphetamine offense when that offense did not itself cause any damage. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1), (2) (providing that restitution may be ordered "[i]f the offense results in damage to or loss or destruction of property of a victim of the offense" or "[i]f the offense results in personal injury to a victim"). Appellant argues in his second issue that the restitution order also violated his constitutional right to due process because it was not included in the oral pronouncement of his sentence. The State agrees, as do we, that the trial court erred in including restitution in the Order of Deferred Adjudication.

Restitution is punishment, *see Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and therefore, it must be orally pronounced. *Tracy v. State*, No.

–3–

05-19-00218-CR, 2020 WL 948378, at *3 (Tex. App.—Dallas Feb. 27, 2020, pet. ref'd) (mem. op., not designated for publication).

In the plea proceeding below, restitution was not requested by the State,[5] discussed by the parties, or orally pronounced by the trial court when it deferred a finding of guilt and placed appellant on community supervision for a term of ten years. However, the Order of Deferred Adjudication in Cause No. F21-12488-R reflects that appellant is to pay restitution in the amount of $5,000. Thus, we agree with the parties that the trial court erred in including restitution in the Order of Deferred Adjudication and sustain appellant's second issue.

This Court has the power to modify an order of deferred adjudication to speak the truth when we have the necessary information to do so. *See Tracy*, 2020 WL 948378, at *3 (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd), and modifying the order of deferred adjudication to delete the restitution amount). We therefore modify the Order of Deferred Adjudication in Cause No. F21-12488-R to delete the $5,000 in restitution. Because we have sustained appellant's second issue, it is not necessary for us to reach his first issue regarding whether restitution could be ordered under article 42.037 in this drug possession case. *See* TEX. R. APP. P. 47.1.

---

[5] *See* TEX. CODE CRIM. PROC. art. 42.037(k) ("The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the prosecuting attorney.").

–4–

**Further Modifications of Order in Cause No. F21-12488-R**

In his sixth issue, appellant argues that the Order of Deferred Adjudication in Cause No. F21-12488-R should be further modified to reflect that the offense for which he pleaded guilty was a state jail felony, not a third-degree felony. The State agrees, and in its second cross issue, asserts that the order should also be modified to reflect that there were no terms of agreement or plea bargain in this case. We agree that the Order of Deferred Adjudication should be further modified as the parties have requested.

Appellant pleaded true to possessing less than one gram of methamphetamine. Possession of less than one gram of a controlled substance listed in Penalty Group 1, which includes methamphetamine, is a state jail felony offense. TEX. HEALTH & SAFETY CODE §§ 481.102, 481.115(a), (b). Although the punishment range was enhanced to a third-degree felony range, *see* TEX. PENAL CODE § 12.425(a), the degree of offense itself was not enhanced. The record further shows that appellant's pleas were open, meaning that he pleaded guilty to the offense but did not enter an agreement with the State as to any particular terms of punishment. Therefore, we sustain appellant's sixth issue and the State's second cross issue and further modify the Order of Deferred Adjudication in Cause No. F21-12488-R to reflect that the degree of offense was a state jail felony enhanced to a third-degree punishment range and that appellant's plea was open.

**Illegal Sentence in Cause No. F21-12489-R**

Appellant argues in his third issue, and the State agrees, that the sentence imposed against him in the accident involving injury case is illegal because it exceeds that allowed by statute. A sentence is illegal if it is outside the range of punishment authorized by law. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

The indictment in Cause No. F21-12489-R alleged that appellant intentionally and knowingly operated a vehicle, which became involved in an accident, which resulted in or was reasonably likely to result in injury to or the death of a person, and the defendant, knowing that said accident occurred, intentionally and knowingly failed to immediately stop at the scene of the accident or immediately return to the scene of the accident and remain there to comply with the law. *See* TEX. TRANSP. CODE §§ 550.021, 550.023. The indictment further alleged that the accident resulted in injury to the named victim. There were no punishment enhancements alleged with this offense.

Section 550.021 of the transportation code provides that the range of punishment for this offense varies according to the level of injury inflicted. *Id.* § 550.021(c). For example, if the accident results in death, the offense is a second-degree felony. *Id.* § 550.021(c)(1)(A). If the accident results in serious bodily injury, the offense is a third-degree felony. *Id.* § 550.021(c)(1)(B). And if the offense results in injury, but not serious bodily injury, the offense is punishable by

imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year, a fine of up to $5,000, or both a fine and imprisonment or confinement. *Id.* § 550.021(c)(2).

Here, the indictment alleged that the accident resulted in injury, not serious bodily injury, which has an allowable maximum punishment of five years' imprisonment. *See id.* The trial court's assessment of ten years' imprisonment is outside that range. Therefore, we agree that appellant's sentence is illegal and, thus, void. *See Mizell*, 119 S.W.3d at 806, 806 n.7.

We sustain appellant's third issue, reverse his illegal sentence in Trial Court Cause No. F21-12489-CR, and remand the case to the trial court for a new trial on punishment. Although the finding of guilt and thus the conviction remains,[6] it is not yet necessary for us to reach appellant's seventh issue regarding modifications to the judgment of conviction in this case because the trial court will necessarily issue a new judgment of conviction after the new trial on punishment. *See* TEX. R. APP. P. 47.1.

---

[6] *See Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006) ("In cases in which a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case for a new punishment hearing."); *see also* TEX. CODE CRIM. PROC. art. 44.29(b) (providing trial court "shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage" when the court of appeals awards a new trial only on the basis of errors made in the punishment phase).

**Illegal Sentence in Cause No. F21-62009-R**

In his fourth issue, appellant argues that his sentence in the evading arrest case is also illegal because it is outside of the punishment range allowed. The State does not agree that the sentence in this case is illegal. The question here turns on which punishment range applies: (1) the state jail felony range for evading arrest with a prior conviction for evading arrest, or (2) the third-degree felony range for evading arrest with a prior conviction for evading arrest plus two prior state jail felonies in addition to the previous evading arrest.

The offense of evading arrest is generally a Class A misdemeanor. TEX. PENAL CODE § 38.04(b). However, if the defendant has been previously convicted of evading arrest, the offense is a state jail felony. *Id.* § 38.04(b)(1). State jail felonies are punishable by confinement in a state jail facility for a term of not more than two years or less than 180 days. *Id.* § 12.35(a). However, the punishment range of a state jail felony can be enhanced to the range for a third-degree felony, if it is shown on the trial of an offense punishable under section 12.35(a) that the defendant has twice before been finally convicted of a state jail felony. *Id.* § 12.425(a). The punishment range for a third-degree felony is imprisonment in the Texas Department of Criminal Justice for a term of not more than ten years or less than two years. *Id.* § 12.34(a).

The plea agreement in Cause No. F21-62009-R shows that appellant pleaded true to the first enhancement paragraph, but not the second:

22.    *PLEADS TRUE* to the ☑FIRST ☐SECOND ☐ ALL of the enhancement paragraphs which are contained in charging instrument, and judicially confesses that he/she is the same person who was previously duly and legally convicted of the offense(s) alleged therein.

A state jail felony punishable under section 12.35(a) cannot be enhanced to a higher punishment level on only one prior state jail felony conviction; there must be two. *Id.* §§ 12.35, 12.425. Given that, appellant argues that his plea of true was to the jurisdictional enhancement paragraph, which elevated the offense from a Class A misdemeanor to a state jail felony due to his previous conviction for evading arrest, *see id.* § 38.04(b), not to one of the punishment enhancement paragraphs. The State responds that this argument is "illogical" as the jurisdictional allegation was part of the indicted offense and not a separate enhancement paragraph. The State further asserts appellant's single checkmark on his plea paperwork was a clerical error and the record as a whole shows he pleaded true to both punishment enhancements because he judicially confessed to the charges as stated in the indictment, which included both enhancement paragraphs; he pleaded true to those same enhancement paragraphs in the drug possession case; his plea paperwork shows that he was admonished as to a third-degree felony[7]; appellant's counsel stated that appellant was entering "pleas of guilt to all three counts, and true to the

---

[7] We note that this was not the proper admonishment even if appellant was pleading true to the two enhancement paragraphs. As we explained above, enhancing the punishment range is different than enhancing the offense level itself. Appellant was not charged with a third-degree felony. Thus, the proper admonishment in the plea paperwork would have been for the following box to be checked if appellant was pleading true to both enhancement paragraphs: "State Jail Felony Punished as 3rd Degree Felony."

enhancements"; and, at the end of the punishment hearing, as to Cause Nos. F21-12489-R and F21-62009-R, the trial judge stated, "I accept your pleas of true. I find the enhancement paragraphs true."

Due to the inconsistencies in his plea paperwork and the vague statements on the record regarding the enhancement paragraphs generally, we do not agree that it is clear appellant pleaded true in Cause No. F21-62009-R to both punishment enhancements paragraphs thereby enhancing his punishment range to that of a third-degree felony. Therefore, on this record, we conclude appellant's sentence of ten years is outside the available punishment range and, thus, illegal. We sustain appellant's fourth issue and, as with his accident-causing-injury case, we reverse his illegal sentence in Trial Court Cause No. F21-62009-CR, and remand the case to the trial court for a new trial on punishment. Because we have sustained appellant's fourth issue and reversed his sentence, it is not necessary for us to reach his eighth issue, or the State's first cross issue, regarding further modifications to the judgment in Cause No. F21-62009-R. *See* TEX. R. APP. P. 47.1.

**Indigency Inquiry Regarding Costs**

Appellant contends in his fifth issue that the trial court erred in ordering him to pay costs of court and restitution when it neglected to make the required indigence inquiry under article 42.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 42.15(a-1) (providing that trial court shall inquire on the record, during or immediately after imposing sentence, whether the defendant has sufficient

–10–

resources to immediately pay all or part of the fine and costs and, if not, determine whether such should be delayed or paid in intervals, discharged by performing community service, waived in full or in part, or satisfied by any combination of the three). Although the State agrees that the trial court erred in failing to conduct the inquiry on the record, we conclude that appellant waived his statutory right to requiring an on-the-record inquiry as recently explained in *Cruz v. State*, 698 S.W.3d 265 (Tex. Crim. App. 2024).

In *Cruz*, the Court of Criminal Appeals held that the ability-to-pay inquiry was "not fundamental to the functioning of our adjudicatory system" and, thus, the appellant in that case forfeited his complaint that the trial court failed to conduct the inquiry on the record when he did not object in the trial court. 698 S.W.3d at 266, 268–69, 271 (conducting a *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), category analysis and determining that the ability-to-pay inquiry is a category-three right, which is forfeitable). As in *Cruz*, appellant made no request for the trial court to conduct an inquiry on the record, nor did he object to the trial court's failure to do so. By failing to timely present his request to the trial court, he has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). We overrule appellant's fifth issue.

**Conclusion**

The Order of Deferred Adjudication in Cause No. F21-12488-R is modified as follows:

- "3rd Degree Felony" is corrected to read "State Jail Felony" under the section titled, "Degree of Offense";

- "10 Years Deferred Probation No Fine" is corrected to read "Open" under the section titled, "Terms of Plea Bargain";

- "$5000" is deleted from the section titled, "Restitution"; and

- the following sentence is added to the end of the judgment under the "special findings" section: "Pursuant to section 12.425(a) of the Texas Penal Code, the defendant's punishment range was enhanced from a state-jail felony to a third-degree felony."

The Order of Deferred Adjudication is otherwise affirmed. The judgments of conviction in Cause Nos. F21-12489-R and F21-62009-R are reversed as to the punishment assessed, and the causes are remanded to the trial court for new punishments hearings.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
230680F.U05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ZACHARY WILLIAMS, Appellant

No. 05-23-00680-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-12488-R. Opinion delivered by Justice Smith. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the trial court's Order of Deferred Adjudication is **MODIFIED** as follows:

- "3rd Degree Felony" is corrected to read "State Jail Felony" under the section titled, "Degree of Offense";

- "10 Years Deferred Probation No Fine" is corrected to read "Open" under the section titled, "Terms of Plea Bargain";

- "$5000" is deleted from the section titled, "Restitution"; and

- the following sentence is added to the end of the judgment under the "special findings" section: "Pursuant to section 12.425(a) of the Texas Penal Code, the defendant's punishment range was enhanced from a state-jail felony to a third-degree felony."

As **REFORMED**, the Order of Deferred Adjudication is **AFFIRMED**.

Judgment entered this 27th day of November 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZACHARY WILLIAMS, Appellant

No. 05-23-00681-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-12489-R. Opinion delivered by Justice Smith. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the trial court's judgment as to the punishment assessed is **REVERSED** and the cause is **REMANDED** for further proceedings pursuant to TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

Judgment entered this 27th day of November 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZACHARY WILLIAMS, Appellant

No. 05-23-00682-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F21-62009-R.
Opinion delivered by Justice Smith. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the trial court's judgment as to the punishment assessed is **REVERSED** and the cause is **REMANDED** for further proceedings pursuant to TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

Judgment entered this 27th day of November 2024.